IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

A.M. by and through next friend,
NAKALA MURRY, and NAKALA MURRY                                        PLAINTIFFS

v.                                              CIVIL ACTION NO.: 4:25-cv-53-DMB-DAS

CITY OF INDIANOLA, MISSISSIPPI; and
OFFICER GREG CAPERS                                                    DEFENDANTS

### AGREED ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT ACCESS TO DOCS 13-12 AND 13-13

**THIS MATTER** is before the Court on Plaintiffs' Unopposed Motion to Restrict Access to Docs 13-12 and 13-13, pursuant to *L. U. Civ. R.* 79. No party opposes the sealing of the documents at issue. The Court, having considered the submission, finds that granting the requested relief to restrict access to documents containing sensitive photographs of the minor Plaintiff A.M's home is supported by clear and compelling reasons and good cause, and that the requested relief is narrowly tailored under the circumstances.

Local Uniform Civil Rule 79 provides that an order to restrict access to a court filing must include a non-confidential description of what is to be sealed as well as state (i) why such sealing is necessary; (ii) why another procedure will not suffice, (iii) references to governing case law, and (iv) unless permanent sealing is sought, a statement of the period of time that the matter is to be maintained under seal. *L.U. Civ. R.* 79(e)(3)(A),(C),(D) & (E). Any order sealing a court filing must also "include particularized findings demonstrating that sealing is supported

1

by clear and compelling reasons and is narrowly tailored to serve those reasons." *L.U. Civ. R.* 79(b). "A statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." *L.U. Civ. R*. 79(b). "No document may be sealed merely by stipulation of the parties." *L.U. Civ. R*. 79(d). Further, "a party seeking to seal a document attached to a nondispositive motion or outcome need only demonstrate good cause" because "the public's interest in nondispositive matters is relatively low." *Equal Emp. Opportunity Comm'n v. Faurecia Auto. Seating, LLC*, No. 4:16-CV-00199-DMB-JMV, 2017 WL 564051, at *2 (N.D. Miss. Feb. 10, 2017) (quoting *360 Mortg. Grp., LLC v. Bivona–Truman*, No. 1:14–cv–847, 2016 WL 7616575, at *1 (W.D. Tex. May 24, 2016) (collecting cases)).

"In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "The common law right of access to judicial records is not absolute[.]" *Id.* "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "Nevertheless, a court must use caution in exercising its discretion to place records under seal." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010) (citation omitted).

Despite the fact that judicial records belong to the public, the Fifth Circuit has recognized that, in certain cases, sensitive information should not be disclosed to the public. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-18 (5th Cir. 2021). "Judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law

right of access against the interests favoring nondisclosure." *Id*. at 419. A sealing must be explained at "a level of detail that will allow for this Court's review." *Id.* A court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Kovarcik v. Bayou Acad.*, No. 4:23-cv-00106-SA-JMV, 2023 U.S. Dist. LEXIS 110453, at *3-4 (N.D. Miss. June 27, 2023).

As previously recognized by this Court in Plaintiffs' prior suit, the factors favoring disclosure of the body camera video are as follows:

> "In cases like this one where the subject matter involves allegations of serious misconduct by public officials or parties of a public nature and matters of legitimate public concern, there is a greater importance in allowing disclosure. . . . [T]his case -- without any cooperation from the plaintiffs or their counsel - would have generated public attention and interest. After considering the matter, the facts of this case certainly provide factors favoring disclosure."

*Murry v. City of Indianola*, No. 4:23cv-97-DMB -DAS, 2023 U.S. Dist. LEXIS 222679, at *5-6, **[Doc. 73]** at 3-4 (N.D. Miss. Dec. 14, 2023). However, as the Court previously found regarding body-camera footage of Defendant Capers shooting Plaintiff A.M., "[n]otwithstanding all the strong, legitimate interests weighing in favor of transparency in this case, the countervailing interests favor non-disclosure and those interests predominate." *Id.* at 4.

Here, the documents at issue (Dkt. 13-12 and 13-13) contain more than one hundred photos of the inside of Plaintiffs' home, including not just the common living areas but also Plaintiff Nakala Murry's bedroom and the bedrooms of her children. They also include a floor plan with the measurements of each room in the home. Plaintiff A.M.'s privacy is compromised

by the public filing of these images at this early stage of the case. *See BG v. Banks*, No. 4:16-CV-64-DMB-JMV, 2017 U.S. Dist. LEXIS 8913, at *7 (N.D. Miss. Jan. 23, 2017) (citing *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516 (E.D. La. 2005) ("Courts have recognized that the privacy of children may constitute a compelling interest that outweighs the presumption in favor of public access."); *see also Bright v. Tunica Cty. Sch. Dist.*, No. 3:16-CV-197-DMB-RP, 2017 U.S. Dist. LEXIS 138756, at *5 (N.D. Miss. Aug. 29, 2017); *Bradley v. Ackal*, 954 F.3d 216, 229 (5th Cir. 2020) (citing *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 607 (1982) (sealing records and identifying non-disclosure as being warranted for "safeguarding the physical and psychological well-being of a minor"); *A.L. v. Miss. Dep't of Child Prot. Servs.*, No. 1:18-CV-00076-LG-RHW, 2018 U.S. Dist. LEXIS 119590, at *2 (S.D. Miss. July 18, 2018) (citing *Lindiment v. Jones*, 2017 U.S. Dist. LEXIS 149693, 2017 WL 4119644 at *10 (M.D. N.C. September 15, 2017) (finding compelling interest in protecting the minors' privacy outweighs the public's right of access to these materials). In contrast, the public has no particular interest in the private images and details regarding the interior of A.M.'s home.

Restricting access to the materials at issue is also supported by Mississippi law. Pursuant to Miss. Code Ann. § 43-21-105(u)(iii), "records involving children" mean any records from which the child can be identified, including law enforcement records as defined in Section 43-21-255. Under Miss. Code Ann. § 43-21-255(1)," all records involving children made and retained by law enforcement officers and agencies . . . shall be kept confidential and shall not be disclosed except as provided in Section 43-21-261[,]" which permits disclosure to a court of competent jurisdiction but not the public at-large. Miss. Code Ann. § 43-21-261(5)(c) .

Moreover, there is no lesser alternative to restricting access to the filings. They have already been filed and are a part of the public docket. In future filings, the parties will be able to confer on appropriate redactions so that as little information as possible will be withheld from the public.

The Court further finds that in addition to the Federal Rules of Civil Procedure and case law providing special protections for minors involved in litigation, Mississippi statutes indicate a strong public policy favoring maintaining confidentiality of minor's sensitive records. For instance, Mississippi statutes governing youth court records strictly limit access to court records involving minors to protect their privacy. *Miss. Code Ann*. §43-21-105 (u)(iii) and §43-21-261 (5)(c). "Courts have recognized that the privacy of children may constitute a compelling interest that outweighs the presumption in favor of public access. *Jaufre*, 351 F.Supp. 2d at 516-17 (citing *Jessup*, 277 F.3d at 928 ("When there is a compelling interest in secrecy, as in the case of ... the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed ....")). As such, various Mississippi statutes permit and support the sealing of the records at issue in the interest of protecting the privacy interests of minor A.M. (*See e.g., Miss. Code Ann*. § 43-21-105(u)(iii); *Miss. Code Ann*. § 43-21-255(1); & *Miss. Code Ann*. § 43-21-261(5)(c)).

Also, the Court finds that at this stage of the litigation that no lesser alternative to sealing, such as redaction, would adequately protect A.M.'s privacy interests. The document has already been filed and restricting access is necessary to secure Plaintiff A.M.'s privacy interests. Moreover, only the two exhibits at Doc. 13-12 and 13-13 are to be sealed, thus narrowly tailoring this sealing order to the compelling interest at stake in this matter.

**IT IS THEREFORE ORDERED** that Plaintiffs' Unopposed Motion to Restrict Access to Docs 13-12 and 13-13 [Doc. 13] is GRANTED.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 79(e)(3)(E), Doc. 13-12 and 13-13 shall be restricted from public access permanently, with CM/ECF access permitted to the litigants' counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to restrict public access to Docs. 13-12 and 13-13 consistent with the above order.

**SO ORDERED AND ADJUDGED** this the 30th day of July, 2025.

                                          **/s/ David A. Sanders**
                                          **U.S. MAGISTRATE JUDGE**