IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**A.M. by and through next friend,**
**NAKALA MURRY, and NAKALA MURRY**                                  **PLAINTIFFS**

**v.**                                          **CIVIL ACTION NO.: 4:25-cv-53-DMB-DAS**

**CITY OF INDIANOLA, MISSISSIPPI; and**
**OFFICER GREG CAPERS**                                               **DEFENDANTS**

### ORDER GRANTING MOTION TO FILE
### BODY CAMERA FOOTAGE OF INCIDENT UNDER SEAL

**THIS MATTER** is before the Court on Defendant City of Indianola, Mississippi's Motion to File Body Camera Footage of Incident Under Seal, pursuant to *L. U. Civ. R.* 79. No party opposes the filing of the documents at issue under seal. The Court, having considered the submission, finds that granting the requested relief to submit the body camera footage under seal is supported by clear and compelling reasons, and that the requested relief is narrowly tailored under the circumstances.

Local Uniform Civil Rule 79 provides that an order to restrict access to a court filing must include a non-confidential description of what is to be sealed as well as state (i) why such sealing is necessary; (ii) why another procedure will not suffice, (iii) references to governing case law, and (iv) unless permanent sealing is sought, a statement of the period of time that the matter is to be maintained under seal. *L.U. Civ. R.* 79(e)(3)(A),(C),(D) & (E). Any order sealing a court filing must also "include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." *L.U. Civ. R.* 79(b). "A statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." *L.U. Civ. R.* 79(b). "No document

1

may be sealed merely by stipulation of the parties." *L.U. Civ. R.* 79(d). Further, "a party seeking to seal a document attached to a nondispositive motion or outcome need only demonstrate good cause" because "the public's interest in nondispositive matters is relatively low." *Equal Emp. Opportunity Comm'n v. Faurecia Auto. Seating, LLC*, No. 4:16-CV-00199-DMB-JMV, 2017 WL 564051, at *2 (N.D. Miss. Feb. 10, 2017) (quoting *360 Mortg. Grp., LLC v. Bivona–Truman*, No. 1:14–cv–847, 2016 WL 7616575, at *1 (W.D. Tex. May 24, 2016) (collecting cases)).

"In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "The common law right of access to judicial records is not absolute[.]" *Id.* "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). "Nevertheless, a court must use caution in exercising its discretion to place records under seal." *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010) (citation omitted).

Despite the fact that judicial records belong to the public, the Fifth Circuit has recognized that, in certain cases, sensitive information should not be disclosed to the public. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-18 (5th Cir. 2021). "Judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." *Id.* at 419. A sealing must be explained at "a level of detail that will allow for this Court's review." *Id.* A court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial

2

records" and fails to "articulate any reasons that would support sealing." *Kovarcik v. Bayou Acad.*, No. 4:23-cv-00106-SA-JMV, 2023 U.S. Dist. LEXIS 110453, at *3-4 (N.D. Miss. June 27, 2023).

As previously recognized by this Court in Plaintiffs' prior suit, the factors favoring disclosure of the body camera video are as follows:

> "In cases like this one where the subject matter involves allegations of serious misconduct by public officials or parties of a public nature and matters of legitimate public concern, there is a greater importance in allowing disclosure. This case has already been the subject of much local, state, and national attention. . . . Regardless, this case -- without any cooperation from the plaintiffs or their counsel - would have generated public attention and interest. After considering the matter, the facts of this case certainly provide factors favoring disclosure."

*Murry v. City of Indianola*, No. 4:23cv-97-DMB -DAS, 2023 U.S. Dist. LEXIS 222679, at *5-6, **[Doc. 73]** at 3-4 (N.D. Miss. Dec. 14, 2023).

"Notwithstanding all the strong, legitimate interests weighing in favor of transparency in this case," as this Court has previously found, "the countervailing interests favor non-disclosure and those interests predominate." *Murry v. City of Indianola*, No. 4:23cv-97-DMB -DAS, 2023 U.S. Dist. LEXIS 222679, at *6, **[Doc. 73]** at 4 (N.D. Miss. Dec. 14, 2023). "These other factors dictate sealing the video[.]" *Id.* The body camera footage contains sensitive footage of the May 20, 2023, shooting of Plaintiff A.M., Plaintiff Murry's minor child. The body camera footage depicts not only the moments leading up to and immediately after that incident, but also reflects the shooting itself. The body camera footage will be necessary in any determination on the merits in the subject litigation. *Boyd v. McNamara,* 74 F.4th 662, 665-66 (5th Cir. 2023) (quoting *Salazar v. Molina,* 37 F.4th 278, 280 (5th Cir. 2022) (alteration omitted) (quoting *Scott v. Harris,* 550 U.S. 372, 381, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007))); .

If not filed under seal, the body camera footage would publicly identify minor A.M. The

Court finds that sealing the court filing containing the body camera footage attached to Defendant City of Indianola's Answer furthers the compelling interest to protect a minor child's identity in court filings. *BG v. Banks*, No. 4:16-CV-64-DMB-JMV, 2017 U.S. Dist. LEXIS 8913, at *7 (N.D. Miss. Jan. 23, 2017) (citing *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516 (E.D. La. 2005) ("Courts have recognized that the privacy of children may constitute a compelling interest that outweighs the presumption in favor of public access."); *Bright v. Tunica Cty. Sch. Dist.*, No. 3:16-CV-197-DMB-RP, 2017 U.S. Dist. LEXIS 138756, at *5 (N.D. Miss. Aug. 29, 2017).

The Court finds that the filing of the body camera footage under seal is also in accordance and consistent with Rule 5.2 in protecting the identity of Plaintiff A.M., a minor. *A.L. v. Miss. Dep't of Child Prot. Servs.*, No. 1:18-CV-00076-LG-RHW, 2018 U.S. Dist. LEXIS 119590, at *2 (S.D. Miss. July 18, 2018) (citing *Lindiment v. Jones*, 2017 U.S. Dist. LEXIS 149693, 2017 WL 4119644 at *10 (M.D. N.C. September 15, 2017) (finding compelling interest in protecting the minors' privacy outweighs the public's right of access to these materials). Rule 5.2 of the *Federal Rules of Civil Procedure* prohibits the public identification of any minor in any pleadings or filings before the court, except by initials. As this Court has previously recognized in Plaintiffs' prior suit: AA.M. has a right to privacy and is due special consideration in this action because he is a minor. As a minor, [A.M.] lacks the capacity to waive those rights or to assess the impact of the release of this video on his life, now and in the future. *Murry v. City of Indianola*, No. 4:23cv-97-DMB -DAS, 2023 U.S. Dist. LEXIS 222679, at *9, **[Doc. 73]** at 6 (N.D. Miss. Dec. 14, 2023). Thus, the filing of the body camera footage under seal is in accordance and consistent with Rule 5.2 in protecting the identity of a minor, A.M.

The Court's general solicitude for the privacy rights of minor litigants begins with the

requirements of Rule 5.2 of the Federal Rules of Civil Procedure, which prohibits the public identification of any minor in any pleadings or filings before the court, except by initials. Notwithstanding the rule, the minor's name is already public, but the Court feels A.M. has a right to privacy and is due special consideration in this action because he is a minor. As a minor, he lacks the capacity to waive those rights or to assess the impact of the release of this video on his life, now and in the future. The Court finds it cannot predict how destructive or disruptive the release of the video might be for A.M., over and above any impact from the presently existing public exposure, but the courts routinely protect the privacy interests of minors, even in matters much more mundane than in A.M.'s case. The court has two tools for protecting those interests -- either sealing the records or maintaining the anonymity of the minor plaintiff.

While the allegations and defenses regarding the incident are public, that information is different not just in degree but in kind from the video. A.M.'s appearance in the video is only a brief part of the approximately five-minute video, and the shooting itself is dimly lit. Nevertheless, even if A.M. could not be identified from the video, the Court cannot protect his privacy and prevent linkage of the video to the child. Because his identity and face have both been made public, obscuring his face does nothing to protect the child from whatever fallout comes from the release of the video. The Court's choice is to release the video with indeterminable impact on the privacy and life of A.M. or to withhold it, despite the legitimate public interest in this case. Finding it would be reckless to disregard A.M.'s privacy interests, the Court opts to protect the compelling interest in protecting A.M., over the otherwise compelling interests of the public.

Dense authorities support sealing the subject video as protecting the identity of Plaintiff A.M. as a minor outweighs the interest favoring public access and disclosure. *See e.g., Bradley v.*

5

*Ackal,* 954 F.3d 216, 229 (5th Cir. 2020) (citing *Globe Newspaper Co. v. Superior Court for Norfolk Cty.,* 457 U.S. 596, 607, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982)) (sealing records and identifying non-disclosure as being warranted for "safeguarding the physical and psychological well-being of a minor"); *A.L. v. Miss. Dep't of Child Prot. Servs.*, No. 1:18-CV-00076-LG-RHW, 2018 U.S. Dist. LEXIS 119590, at *2 (S.D. Miss. July 18, 2018) (citing *Lindiment v. Jones*, 2017 U.S. Dist. LEXIS 149693, 2017 WL 4119644 at *10 (M.D. N.C. September 15, 2017) (finding compelling interest in protecting the minors' privacy outweighs the public's right of access to these materials); *Bright v. Tunica Cty. Sch. Dist.*, No. 3:16-CV-197-DMB-RP, 2017 U.S. Dist. LEXIS 138756, at *5 (N.D. Miss. Aug. 29, 2017) (despite significant media coverage pertaining to the underlying facts of the lawsuit, holding that the interest in protecting the identity of the minor outweighed the interests favoring disclosure and granting the motion to seal the exhibits which identified the minor); *Green v. Winona Montgomery Consol. Sch. Dist.*, No. 4:21-CV-32-DMB-JMV, 2021 U.S. Dist. LEXIS 83217, at *6 (N.D. Miss. Apr. 30, 2021) (determining that images of minor children implicated the compelling governmental interest in protecting such children's identities); *C.K. v. Delta State Univ.*, No. 4:18-CV-060-DMB-JMV, 2018 U.S. Dist. LEXIS 55489, at *2 (N.D. Miss. Apr. 2, 2018) (stating that because the plaintiff was a minor, "his identity should be protected, as required[,]" and granted the motion to seal after weighing the competing interests of the public's right to information and the protection of a legal minor); *James v. Cleveland Sch. Dist.*, No. 4:19-CV-66-DMB-RP, 2020 U.S. Dist. LEXIS 185918, at *2-3 (N.D. Miss. Oct. 7, 2020) (where three exhibits identified minors contrary to the requirements of *Fed R. Civ. P.* 5.2, the Court found "that the interest in protecting sensitive information outweighs the public's interest, and the public's right of access is not impeded by sealing the exhibits containing such information.").

6

Likewise, "the ability to seat an impartial jury and the interest in protecting a minor's privacy are compelling reasons capable of outweighing the public's interest in disclosure." *Murry v. City of Indianola*, No. 4:23-CV-97-DMB-DAS, 2024 U.S. Dist. LEXIS 186614, at *12, **[Doc. 97]** at 9-10 (N.D. Miss. July 19, 2024) (citing *United States v. State*, 566 F. Supp. 3d 605, 632 (W.D. Tex. 2021) (sealing may be appropriate "[i]n some cases, such as those involving … 'the privacy of children'" where "the interest in secrecy is compelling") (quoting *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002)); *Pettaway v. Barber*, 645 F. Supp. 3d 1269, 1282 (M.D. Ala. 2022) (seating impartial jury weighs in favor of restricting access to police body camera video because "[i]nterference with the administration of justice is the overarching concern to be weighed on the side of non-access in civil cases")).

The Court further finds that in addition to the *Federal Rules of Civil Procedure* and case law providing special protections for minors involved in litigation, Mississippi statutes indicate a strong public policy favoring maintaining confidentiality of minor's sensitive records. For instance, Mississippi statutes governing youth court records strictly limit access to court records involving minors to protect their privacy. *Miss. Code Ann*. §43-21-105 (u)(iii) and §43-21-261 (5)(c). "Courts have recognized that the privacy of children may constitute a compelling interest that outweighs the presumption in favor of public access. *Jaufre*, 351 F.Supp. 2d at 516-17 (citing *Jessup*, 277 F.3d at 928 ("When there is a compelling interest in secrecy, as in the case of ... the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed ....")). As such, various Mississippi statutes permit and support the filing of the body camera footage under seal in the interest of protecting the identity of minor A.M. (*See e.g., Miss. Code Ann.* § 43-21-105(u)(iii); *Miss. Code Ann*. § 43-21-255(1); & *Miss. Code Ann*. § 43-21-261(5)(c)).

7

Also, the Court finds that no lesser alternative to sealing, such as redaction, would adequately protect the identity of A.M. Moreover, only the body camera footage is to be sealed, thus narrowly tailoring this sealing order to the compelling interest at stake in this matter.

**IT IS THEREFORE ORDERED** that Defendant's Corrected Motion to File Body Camera Footage of Incident Under Seal **[Doc. 18]** is GRANTED.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 79(e)(3)(E), Defendants may file under seal the body camera footage described above. That filing shall be sealed from public access permanently. Pursuant to Local Rule 79(e)(3)(B)(2), the body camera footage shall be sealed from public access, with CM/ECF access permitted to the litigants' counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to maintain Defendant's Notice of Filing Under Seal and attached exhibits (the body camera video) under seal and maintain those filings under seal until otherwise ordered by the Court.

**SO ORDERED AND ADJUDGED** this the 30th day of July, 2025.

                                                  **/s/ David A. Sanders**
                                                  **U.S. MAGISTRATE JUDGE**