IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

A.M. by and through next friend,
NAKALA MURRY, and NAKALA MURRY                                       PLAINTIFFS

v.                                           CIVIL ACTION NO. 4:25-CV-53-DMB-DAS

CITY OF INDIANOLA, MISSISSIPPI and
OFFICER GREG CAPERS                                                  DEFENDANTS

## ORDER GRANTING PLAINTIFFS' MOTION TO DEFER SUMMARY JUDGMENT AND REOPEN DISCOVERY

Before the court is Plaintiffs' Rule 56(d) motion seeking limited discovery prior to resolution of Defendants' motion for summary judgment based on qualified immunity. The court's task is not to decide the ultimate merits of Plaintiffs' Fourth Amendment claims but to determine whether Plaintiffs have made the showing required under FED. R. CIV. P. 56(d) to defer summary judgment and permit narrowly tailored discovery. The court concludes that Plaintiffs have satisfied that burden.

Rule 56(d) provides relief where a nonmovant shows, by affidavit or otherwise, that it cannot present facts essential to justify its opposition to summary judgment. In cases involving qualified immunity, the Fifth Circuit has articulated a two-step inquiry: first, whether the plaintiff has alleged facts which, if true, would overcome qualified immunity; and second, whether limited discovery is necessary to resolve material factual disputes bearing on the immunity determination. *See Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014).

On the first step, Plaintiffs' pleadings allege a constitutional violation that, if proven, arguably defeats qualified immunity. Plaintiffs allege that Officer Capers entered a residence, with knowledge or reason to know that children were present and that no weapons were involved, and used deadly force against a nonviolent individual. Under clearly established law,

the use of deadly force under such circumstances would be objectively unreasonable. *See Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 275-76 (5th Cir. 2015) (citing *Graham v. Connor*, 490 U.S. 386 (1989)). At this stage, the court must accept those allegations as true.

The dispute turns, therefore, on the second step: whether there are material factual questions that cannot be resolved on the present record and that warrant limited discovery. Defendants' own arguments demonstrate that such questions exist. Defendants contend that Officer Capers did not know that A.M. was a child, was unaware that a child was inside the residence, and did not intend to shoot A.M. Plaintiffs respond that these assertions hinge on the officer's knowledge, perceptions, and intent, which are facts peculiarly within Defendants' possession. Plaintiffs further argue that existing materials, including curated police reports and partial body-camera footage, do not conclusively resolve those issues.

The court agrees. The presence of video evidence does not, by itself, foreclose discovery where the video is incomplete or does not speak to what the officer knew or was told before the encounter. As Plaintiffs point out, the record leaves unanswered whether dispatch information regarding the presence of a child was communicated to Officer Capers, what he heard or understood prior to entry, and whether he had reason to believe that children were present based on prior familiarity with the household. While the court makes no finding as to whether such facts would be determinative as to immunity, the court does find such information discoverable.

Plaintiffs have also been sufficiently specific about the discovery sought and the facts they expect to uncover. They seek not a fishing expedition but rather limited production of existing police records, which Defendants had previously agreed to produce, and depositions of the involved officer, his on-scene partner, and the dispatcher—discovery narrowly tailored to the qualified immunity issues. Plaintiffs also seek to depose the chief of police at the time of the

shooting "and an appropriate supervisor, if any, responsible for Capers' training." The court finds this limited discovery related to Plaintiffs' *Monell* claim, which is also challenged in Defendants' motion for summary judgment, to be appropriate.

Accordingly, the court concludes that Plaintiffs have met the requirements of Rule 56(d). The stay of discovery is hereby lifted for the sole purpose of conducting the discovery noted above. The parties shall have until February 23, 2026, to conduct such discovery. Plaintiffs shall respond to Defendants' Motion for Summary Judgment by March 9, 2026. Defendants may file a reply in the time provided by the local rules.

**SO ORDERED**, this the 8th day of January, 2026.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**