IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**A.M. by and through next friend,**
**NAKALA MURRY, and NAKALA MURRY**                                  **PLAINTIFFS**

**v.**                                           **CIVIL ACTION NO. 4:25-CV-53-JDM-DAS**

**CITY OF INDIANOLA, MISSISSIPPI and**
**OFFICER GREG CAPERS**                                                 **DEFENDANTS**

## ORDER

Before the Court is Plaintiffs' Motion to Amend Complaint [79], which has been fully briefed and is ripe for review. Having considered the motion, response, reply, and the authorities cited therein, the Court concludes that the motion should be **GRANTED**.

Because the motion was timely filed, it is governed by FRCP 15(a)(2), which directs that leave should be freely given when justice so requires. *Id*. Leave may be denied for undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016).

Rule 15 embodies a liberal amendment policy. None of the recognized grounds for denial is present here. There is no evidence of bad faith, undue delay or dilatory motive. Although this cause has a rocky procedural history, it does not present a repeated failure to cure deficiencies. Nor is the Court prepared to say amendment is futile. "While futility of amendment is properly considered when deciding whether to grant leave to amend, the court prefers to consider the merits of a new cause of action in the context of a Rule 12(b)(6) or Rule 56 motion, 'where the procedural safeguards are surer.'" *Clark v. Talcott Resolution Comprehensive Employee Benefits Service Co.*, 2024 WL 5185412, at *1 (N.D. Miss. July 23, 2024) (quoting *Inline Corp. v. Tricon Restaurants Int'l.*, 2002 WL 1331885, at *2 (N.D. Tex. June 14, 2002)). The proposed pleading adds a single

1

count for violation of the Mississippi Tort Claims Act—a count which Defendants were well-aware was being pursued, either here or in state court. Whether those allegations ultimately have an appropriate evidentiary basis is a matter better addressed through a renewed motion for summary judgment. *See Inline Corp.*, 2002 WL 5185412, at *2.

Accordingly, Plaintiffs' Motion to Amend Complaint is hereby **GRANTED**. Plaintiff shall, within seven days of the date of this Order, electronically file its First Amended Complaint in substantially the same form as that submitted in support of the motion at Docket 79-1.

In light of this Order, Defendant's pending Motion for Summary Judgment [59] is hereby **DISMISSED AS MOOT.**

**SO ORDERED**, this the 9th day of March, 2026.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**