IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**A.M. by and through next friend,**
**NAKALA MURRY, and NAKALA MURRY**                    **PLAINTIFFS**

**v.**                                        **CIVIL ACTION NO.: 4:25-cv-53-JDM-DAS**

**CITY OF INDIANOLA, MISSISSIPPI; and**
**OFFICER GREG CAPERS**                              **DEFENDANTS**

## ORDER GRANTING MOTION
## TO RESTRICT ACCESS TO DOC. 113-1

**THIS MATTER** is before the Court on Defendants' Motion to Restrict Access to Doc. 113-1, pursuant to *L. U. Civ. R.* 79. No party opposes the sealing of the document at issue. The Court, having considered the submission, finds that granting the requested relief to restrict access to the deposition transcript containing testimony with references to the minor by both initial and by full name is supported by clear and compelling reasons and good cause, and that the requested relief is narrowly tailored under the circumstances.

Local Uniform Civil Rule 79 provides that an order to restrict access to a court filing must include a non-confidential description of what is to be sealed as well as state (i) why such sealing is necessary; (ii) why another procedure will not suffice, (iii) references to governing case law, and (iv) unless permanent sealing is sought, a statement of the period of time that the matter is to be maintained under seal. *L.U. Civ. R.* 79(e)(3)(A),(C),(D) & (E). Any order sealing a court filing must also "include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." *L.U. Civ. R.* 79(b). "A statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." *L.U. Civ. R.* 79(b). "No document may be sealed merely

by stipulation of the parties." *L.U. Civ. R*. 79(d). Further, "a party seeking to seal a document attached to a nondispositive motion or outcome need only demonstrate good cause" because "the public's interest in nondispositive matters is relatively low." *Equal Emp. Opportunity Comm'n v. Faurecia Auto. Seating, LLC*, No. 4:16-CV-00199-DMB-JMV, 2017 WL 564051, at *2 (N.D. Miss. Feb. 10, 2017) (quoting *360 Mortg. Grp., LLC v. Bivona–Truman*, No. 1:14–cv–847, 2016 WL 7616575, at *1 (W.D. Tex. May 24, 2016) (collecting cases)).

"In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "The common law right of access to judicial records is not absolute[.]" *Id.* "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). "Nevertheless, a court must use caution in exercising its discretion to place records under seal." *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010) (citation omitted).

Despite the fact that judicial records belong to the public, the Fifth Circuit has recognized that, in certain cases, sensitive information should not be disclosed to the public. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-18 (5th Cir. 2021). "Judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." *Id*. at 419. A sealing must be explained at "a level of detail that will allow for this Court's review." *Id.* A court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Kovarcik v. Bayou Acad.*, No.

2

4:23-cv-00106-SA-JMV, 2023 U.S. Dist. LEXIS 110453, at *3-4 (N.D. Miss. June 27, 2023).

As previously recognized by this Court by prior Order herein, **[Doc. 24]**, as well as by this Court in Plaintiffs' prior suit, the factors favoring disclosure are as follows:

> "In cases like this one where the subject matter involves allegations of serious misconduct by public officials or parties of a public nature and matters of legitimate public concern, there is a greater importance in allowing disclosure. This case has already been the subject of much local, state, and national attention. . . . Regardless, this case -- without any cooperation from the plaintiffs or their counsel - would have generated public attention and interest. After considering the matter, the facts of this case certainly provide factors favoring disclosure."

*Murry v. City of Indianola*, No. 4:23cv-97-DMB -DAS, 2023 U.S. Dist. LEXIS 222679, at *5-6, **[Doc. 73]** at 3-4 (N.D. Miss. Dec. 14, 2023). However, as the Court previously found regarding body-camera footage of the subject incident, "[n]otwithstanding all the strong, legitimate interests weighing in favor of transparency in this case, the countervailing interests favor non-disclosure and those interests predominate." *Id*. at 4.

Here, the document at issue, **[Doc. 113-1]**, consists of the transcript of Chief Ronald Sampson's deposition wherein the questioning and testimony includes references to the minor by both initial and by full name. Rule 5.2 of the *Federal Rules of Civil Procedure* prohibits the public identification of any minor in any pleadings or filings before the court, except by initials. Thus, the restriction of the subject deposition transcript is in accordance and consistent with Rule 5.2 in protecting the identity of a minor, A.M.

Plaintiff A.M.'s privacy is compromised by public access to the filed deposition transcript containing testimony and questioning that includes his full name. Courts regularly find that restriction of similar documents to be proper as in accordance with *Fed. R. Civ. Pro.* 5.2 and as protection of the minor's privacy outweighs the public's interest. *See James v. Cleveland Sch. Dist.*, No. 4:19-CV-66-DMB-RP, 2020 U.S. Dist. LEXIS 185918, at *2-3 (N.D. Miss. Oct. 7,

2020) (where three exhibits contained the names of minors, the Court ordered that the same be sealed and found "that the interest in protecting sensitive information outweighs the public's interest, and the public's right of access is not impeded by sealing the exhibits containing such information."); C.K. v. Delta State Univ., No. 4:18-CV-060-DMB-JMV, 2018 U.S. Dist. LEXIS 55489, at *1-2 (N.D. Miss. Apr. 2, 2018) (stating that because the plaintiff was a minor, "his identity should be protected, as required[,]" and granted the motion to seal various documents containing his full name after weighing the competing interests of the public's right to information and the protection of a legal minor).

In contrast, the public has no particular interest in the testimony referring to or containing the full name of Plaintiff A.M. *See BG v. Banks*, No. 4:16-CV-64-DMB-JMV, 2017 U.S. Dist. LEXIS 8913, at *7 (N.D. Miss. Jan. 23, 2017) (citing *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 516 (E.D. La. 2005) ("Courts have recognized that the privacy of children may constitute a compelling interest that outweighs the presumption in favor of public access."); *see also Bright v. Tunica Cty. Sch. Dist.*, No. 3:16-CV-197-DMB-RP, 2017 U.S. Dist. LEXIS 138756, at *5 (N.D. Miss. Aug. 29, 2017); *Bradley v. Ackal*, 954 F.3d 216, 229 (5th Cir. 2020) (citing *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 607 (1982) (sealing records and identifying non-disclosure as being warranted for "safeguarding the physical and psychological well-being of a minor"); *A.L. v. Miss. Dep't of Child Prot. Servs.*, No. 1:18-CV-00076-LG-RHW, 2018 U.S. Dist. LEXIS 119590, at *2 (S.D. Miss. July 18, 2018) (citing *Lindiment v. Jones*, 2017 U.S. Dist. LEXIS 149693, 2017 WL 4119644 at *10 (M.D. N.C. September 15, 2017) (finding compelling interest in protecting the minors' privacy outweighs the public's right of access to these materials).

Restricting access to the materials at issue is also supported by Mississippi law. Pursuant to *Miss. Code Ann*. § 43-21-105(u)(iii), "records involving children" mean any records from which

the child can be identified, including law enforcement records as defined in Section 43-21-255. Under *Miss. Code Ann.* § 43-21-255(1)," all records involving children made and retained by law enforcement officers and agencies . . . shall be kept confidential and shall not be disclosed except as provided in Section 43-21-261[,]" which permits disclosure to a court of competent jurisdiction but not the public at-large. *Miss. Code Ann.* § 43-21-261(5)(c)

The Court further finds that in addition to the *Federal Rules of Civil Procedure* and case law providing special protections for minors involved in litigation, Mississippi statutes indicate a strong public policy favoring maintaining confidentiality of minor's sensitive records. For instance, Mississippi statutes governing youth court records strictly limit access to court records involving minors to protect their privacy. *Miss. Code Ann.* §43-21-105 (u)(iii) and §43-21-261 (5)(c). "Courts have recognized that the privacy of children may constitute a compelling interest that outweighs the presumption in favor of public access. *Jaufre,* 351 F.Supp. 2d at 516-17 (citing *Jessup*, 277 F.3d at 928 ("When there is a compelling interest in secrecy, as in the case of ... the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed ....")). As such, various Mississippi statutes permit and support the sealing of the document at issue in the interest of protecting the privacy interests of minor A.M. (*See e.g., Miss. Code Ann.* § 43-21-105(u)(iii); *Miss. Code Ann.* § 43-21-255(1); & *Miss. Code Ann.* § 43-21-261(5)(c)).

Also, the Court finds that at this stage of the litigation that no lesser alternative to sealing would adequately protect A.M.'s privacy interests. The document has already been filed and restricting access is necessary to secure Plaintiff A.M.'s privacy interests. Moreover, only the one exhibit at Doc. 113-1 is to be sealed, thus narrowly tailoring this sealing order to the compelling interest at stake in this matter.

**IT IS THEREFORE ORDERED** that Defendants' Unopposed Motion to Restrict Access

to Doc. 113-1 **[Doc. 115]** is GRANTED.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 79(e)(3)(E), Doc. 113-1 shall be restricted from public access permanently, with CM/ECF access permitted to the litigants' counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to restrict public access to Doc. 113-1 consistent with the above order.

**SO ORDERED**, this the 26th day of March, 2026.

**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**