**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**A.M., BY AND THROUGH NEXT FRIEND,**
**NAKALA MURRY, NAKALA MURRY**                                    **PLAINTIFFS**

**VS.**                                                            **CAUSE NO. 4:25-cv-53-JDM-DAS**

**CITY OF INDIANOLA, ET AL.**                                      **DEFENDANTS**

**ORDER DENYING MOTION TO STRIKE,**
**DISMISSING MOTION TO STAY AS MOOT,**
**AND GRANTING MOTION TO EXTEND**

Before the Court is Plaintiffs' Motion to Strike Defendants' Oversized Motion for Summary Judgment. [123]

On March 9, 2026, the Court permitted the Plaintiffs to file an amended complaint to add a state-law claim—a claim the Plaintiffs had pursued in a separate action in state court. [105] The Court also dismissed as moot the Defendants' pending motion for summary judgment based on Greg Capers's asserted qualified immunity. [59]

After the amended complaint was filed, which essentially merged two separate lawsuits into one [107], the Defendants filed two separate motions for summary judgment. In one, the City of Indianola and Capers moved for summary judgment on the newly added state-law claim. [113] In the other, Capers *renewed* his summary judgment motion based on qualified immunity. [121]

The Plaintiffs move to strike both motions. And their reason for doing so is their contention that the Defendants filed separate motions and memoranda to skirt the local rules on page limitations. Defendants ask this Court to treat the two motions as one and strike it for being too long. But based on the procedural history, it seems logical that the Defendants' would challenge the state-law claim and federal claims in separate motions for summary judgment. And this Court

detects no attempt to get around our procedural rules or overly burden the Plaintiff or this Court.

For this reason, the Motion to Strike Defendants' Oversized Motion for Summary Judgment [123] is denied.

And because the Motion to Strike is denied, Plaintiff's Motion to Stay [125] the deadlines to respond to the summary judgment motions is MOOT and is thus DISMISSED.

But Plaintiffs' alternative request for more time [125] is well-taken. This Court grants the Plaintiffs an additional ten (10) days to file their response to the Renewed Motion for Summary Judgment [121] asserting qualified immunity. Plaintiff shall have until May 15, 2026, to file their response.

SO ORDERED, this the 24th day of April, 2026.

      /s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

2