**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**A.M., BY AND THROUGH NEXT FRIEND,
NAKALA MURRY, NAKALA MURRY**                    **PLAINTIFFS**

**VS.**                                          **CAUSE NO. 4:25-cv-53-JDM-DAS**

**CITY OF INDIANOLA, ET AL.**                    **DEFENDANTS**

**ORDER DENYING MOTION
<u>FOR RULE 11 SANCTIONS</u>**

Before the Court is the Plaintiffs' Motion for Rule 11 Sanctions. [136] *See* FED. R. CIV. P. 11. The Plaintiffs assert that the Defendants made material misrepresentations to the Court in their Answer to the Complaint and Motion for Summary Judgment, which they have failed to correct. As proof, the Plaintiffs point to Defendant Greg Capers's deposition testimony. Initially, Plaintiffs asked this Court to strike the Defendants' Answer and Motion for Summary Judgment. [137] But now they have withdrawn that request and instead ask for "appropriate sanctions." [141]

But no sanctions are warranted.

Plaintiffs are mistaken about the purpose of Rule 11. Rule 11 sanctions are "a rare and extraordinary remedy." *SortiumUSA, LLC v. Hunger*, No. 3:11-cv-1656-M, 2014 WL 1080765, at *6 (N.D. Tex. Mar. 18, 2014) (citing *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 960-961 (6th Cir. 1990)). They are "meant to deter *significant abuses* of the judicial process by an attorney, not weed out his or her weak legal and factual arguments." *Id.* (emphasis added). Rule 11's Advisory Committee Notes caution against using a Rule 11 motion "to test the legal sufficiency or efficacy of allegations in the pleadings." FED. R. CIV. P. 11, Advisory Committee Notes (1993 Amendment). This is because "other motions are available for those purposes." *Id.* "Indeed, Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that

more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits." 5A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1335 (4th ed.).

Instead of a motion for sanctions, the Plaintiffs' Rule 11 motion reads more like a summary judgment motion attacking the factual sufficiency of the Defendants' pleadings. The Plaintiffs strenuously assert that evidence produced in discovery—particularly what Defendant Greg Capers said during his deposition testimony—proves the Defendants' allegations in their Answer and Motion for Summary Judgment are false. Based on this assertion, they initially asked this Court to strike both pleadings.

But "[a] Rule 11 motion for sanctions is not a proper substitute for a motion for summary judgment." *SortiumUSA, LLC*, 2014 WL 1080765, at *5. Just like the Defendants, the Plaintiffs had the opportunity to file a motion for summary judgment under Rule 56. The Plaintiffs chose not to. And invoking Rule 11 to try to shoehorn a merits-based decision—based on what they perceive was revealed during discovery—is not permitted.

The Plaintiffs' Motion for Rule 11 Sanctions [136] is "not a proper invocation of the Court's discretion to impose the extraordinary remedy of sanctions for the 'rare and exceptional case where the action is *clearly* frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" *Id.* (quoting *Laughlin v. Perot*, No. 3:95-cv-2577-R, 1997 WL 135676, at *8 (N.D. Tex. Mar.12, 1997)).

**IT IS THEREFORE DENIED.**

**SO ORDERED**, this the 11th day of May, 2026.

/s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

2