**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**A.M. by and through next friend,**
**NAKALA MURRY, and NAKALA MURRY**                                **PLAINTIFFS**

**v.**                                                **CIVIL ACTION NO. 4:25-CV-53-JDM-DAS**

**CITY OF INDIANOLA, MISSISSIPPI and**
**OFFICER GREG CAPERS**                                            **DEFENDANTS**

<u>**ORDER DENYING MOTION TO COMPEL**</u>

Before the Court is Plaintiffs' Motion to Compel. Having considered the parties' submissions, the procedural posture of the case, and the governing discovery standards applicable where immunity-based motions remain pending, the Court concludes that the motion should be denied.

This dispute arises during a period in which discovery has been stayed pursuant to Local Uniform Civil Rule 16(b)(3)(B) following the filing of immunity-based summary judgment motions. Although the Court previously permitted limited Rule 56(d) discovery, that authorization was expressly narrow. The January 8, 2026, Order [76] allowed limited production of existing police records and four specifically identified depositions tailored to issues bearing on immunity and summary judgment. The Court did not authorize broad merits discovery, open-ended electronic discovery, or a comprehensive search of municipal communications systems. Nor did the Court subsequently lift the stay in any broader respect. The March 24, 2026, Order [109] merely permitted Plaintiffs to substitute a Rule 30(b)(6) deposition of the Mississippi Bureau of Investigation ("MBI") in place of two previously authorized depositions.

Plaintiffs nevertheless now seek an order compelling Defendant City of Indianola to conduct what is, in substance, a sweeping supplemental electronic discovery review of employee

emails, text messages, and electronic records based upon a June 9, 2023, email produced by MBI in response to a subpoena. Plaintiffs contend the existence of that email demonstrates Defendants failed to comply with their discovery obligations and failed to conduct an adequate search for responsive communications. The Court is unpersuaded.

At the outset, Defendants correctly note that discovery remains stayed. Local Rule 16(b)(3)(B) provides that the filing of immunity-based motions stays discovery pending resolution of those motions. The rationale underlying such stays is well-established: immunity is not merely a defense to liability, but an entitlement to avoid the burdens of litigation, including broad discovery. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). The Court's Rule 56(d) orders constituted limited exceptions to that stay, not a wholesale reopening of discovery.

Critically, Plaintiffs' present motion seeks relief that substantially exceeds the scope of the limited discovery previously authorized. Plaintiffs request a comprehensive and documented search of City employees' emails, text messages, and electronic files. Nothing in the Court's prior orders authorized such expansive discovery. Indeed, the record reflects that during the parties' discovery conferences and correspondence, the contemplated email searches focused primarily upon the accounts of Chief Sampson, Lieutenant Carter, and Officer Capers. Defendants repeatedly expressed their position that they would not undertake a broad department-wide forensic search of municipal communications systems, and the record reflects that Plaintiffs proceeded with limited discovery against that backdrop.

Plaintiffs attempt to characterize Defendants' agreements to supplement production as overriding the stay and reopening discovery. The Court disagrees. The parties' post-deposition discussions regarding supplemental productions did not constitute a blanket waiver of the qualified-immunity stay or an agreement to unlimited future electronic discovery. At most, those

discussions reflected ongoing supplementation efforts concerning discrete categories of materials identified during the authorized depositions.

Importantly, the present record reflects substantial confusion and disagreement between the parties concerning the intended scope of the email searches and supplemental productions. Plaintiffs maintain they never limited their requests to specific custodians; Defendants contend the parties expressly discussed limiting searches to certain identified accounts due to proportionality and expense concerns. The correspondence submitted to the Court and discussions during status conferences between the parties and the Court, support Defendants' position that the contemplated searches during the Rule 56(d) period were targeted and limited rather than department-wide.

The Court is likewise unpersuaded that further compelled discovery concerning "Attorney V. Dorsey" is warranted at this time. The Johnson email merely reflects that an individual identified as "Attorney V. Dorsey" allegedly recalled Officer Capers having written a use-of-force report and indicated she would attempt to locate it. Plaintiffs' motion largely rests on speculation regarding the nature and extent of her involvement. The Court declines to order additional discovery based upon conjecture, particularly in light of the continuing immunity stay and the limited scope of discovery previously authorized.

The Court further notes that Plaintiffs repeatedly represented during the Rule 56(d) proceedings that the limited discovery already authorized would permit them to respond to summary judgment and that no broader discovery was necessary. Although Plaintiffs now argue those representations were made before the Johnson email surfaced, the Court cannot ignore that Plaintiffs themselves previously characterized the requested Rule 56(d) discovery as narrow and limited.

Ultimately, the relief Plaintiffs seek is disproportionate to the showing made. The motion would require the Court to substantially expand discovery during an active immunity stay based principally upon the existence of a single email located through third-party subpoena practice. The Court declines to do so.

To the extent Defendants possess additional nonprivileged responsive materials within the scope of their continuing obligations under Rule 26(e), those obligations remain in effect. But the Court will not compel the broad supplemental discovery requested by Plaintiffs, will not order a department-wide forensic search of municipal communications, and will not impose sanctions or fee-shifting on the present record.

For these reasons, Plaintiffs' Motion to Compel is **DENIED**.

**SO ORDERED**, this the 29th day of May, 2026.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**