# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**A.M. by and through next friend,**
**NAKALA MURRY, and NAKALA MURRY**                              **PLAINTIFFS**

**v.**                                    **CIVIL ACTION NO.: 4:25-cv-53-JDM-DAS**

**CITY OF INDIANOLA, MISSISSIPPI; and**
**OFFICER GREG CAPERS**                                         **DEFENDANTS**

### MEMORANDUM OF AUTHORITIES IN SUPPORT OF
### DEFENDANTS' MOTION FOR FEES

**NOW COMES,** Defendants, by and through counsel, and respectfully file this, the
Memorandum of Authorities in Support of their Motion for Fees pursuant to 42 U.S.C. § 1988 as
well as pursuant to Rules 37(a)(5)(B) and 54(d)(2) of the *Federal Rules of Civil Procedure*, 28
U.S.C. § 1927, and the *Mississippi Litigation Accountability Act*, Miss. Code Ann. § 11-55-5, to-wit:

## I.     PREMISE

After over three years of constant litigation across four separate lawsuits, this Court entered
a Memorandum Opinion and Order on June 18, 2026, dismissing all claims brought by Plaintiffs
with prejudice. In doing so, this Court repeatedly explained that the Plaintiffs' allegations were
completely unreasonable and blatantly false as they were directly contradicted by video evidence.
Defendants accordingly request, in light of their prevailing-party status, an award of attorney's fees
pursuant to 42 U.S.C. §1988. Additionally, in light of this action's unnecessarily circuitous nature
due to Plaintiffs unreasonably expanding the proceedings time and time again with their frivolous,
vexatious, and harassing filings, attorneys' fees are further justified and warranted pursuant to 28
U.S.C. §1927 and the *Mississippi Litigation Accountability Act*, Miss. Code Ann. §11-55-5.

These statutes empower the Court to award fees to the "prevailing party" under §1988 such

as when a plaintiff has brought claims that are "frivolous, unreasonable or groundless," under §11-55-5(1) where a party or attorney "unnecessarily expanded the proceedings by . . . improper conduct," or under §1927 where an attorney or party "multiplies the proceedings . . . unreasonably and vexatiously . . ." Each factor supports a fee award here, especially given the Court's finding that these Plaintiffs advanced clear falsehoods that Defendants were forced to defend.

## II.    PROCEDURAL HISTORY

As this Court is well-aware, and as it noted itself in its Opinion and Order dismissing Plaintiffs' claims with prejudice, the procedural history of this matter has been extensive, lengthy, and circuitous.[1] Finally, the questions of immunity have been answered in Defendants' favor after more than three years of constant litigation wherein Defendants had to face four separate lawsuits, nearly a dozen different requested amendments, multiple depositions and burdensome discovery, briefing on over three dozen motions, and even Plaintiffs frivolously and vexatiously attacking the integrity of Defendants' counsel with back to back to back to back filings.

Namely, Plaintiffs filed their first action in this Court on May 30, 2023.[2] Since at least December 5, 2023, Plaintiffs have been in possession of the body camera footage depicting the entirety of the underlying incident.[3] Nonetheless, while their first suit remained pending, Plaintiffs instituted a second lawsuit in state court on May 20, 2024.[4] Eventually, Plaintiffs' secondly-filed state court action was dismissed without prejudice ***with all costs and attorneys' fees*** awarded to Defendants on February 3, 2025.[5]

---

[1] Opinion and Order, **[Doc. 165]** at 4, 5, 5 n. 9, & 12.
[2] *Murry v. City of Indianola,* No. 4:23-CV-97-DMB-DAS, **[ECF #1]**, (N.D. Miss. May 30, 2023).
[3] *Id.* at **[ECF #60]** (N.D. Miss. Nov. 30, 2023); *Id.* at **[ECF #66 & #67]** (N.D. Miss. Dec. 5, 2023).
[4] **[Doc. 55-1]** at 1-13 (No.: 1:24-cv-00152, **[MEC #4]**, (Cir. Crt. Sunflower County, MS, May 20, 2024).
[5] **[Doc. 55-2]** at 1 (No.: 1:24-cv-00152, **[MEC #24]**, (Cir. Crt. Sunflower County, MS, Feb. 3, 2025).

2

Meanwhile, after adjudicating a multitude of motions in Plaintiffs' first federal suit, this Court granted the Defendants' motion for judgment on the pleadings as to all claims therein on July 19, 2024, finding that Plaintiffs had "fail[ed] to sufficiently state a constitutional violation and did not comply with the notice requirements of the Mississippi Tort Claims Act[.]"[6] Then, following a slew of motions to amend with varying proposed amended complaints, this Court denied Plaintiffs' motions to amend on March 31, 2025, and entered its Final Judgment of Dismissal on April 3, 2025.[7]

Approximately thirty-three (33) days after dismissal of Plaintiffs' first federal suit, Plaintiffs instituted this suit, asserting only federal claims, on May 6, 2025.[8] The Case Management Order was entered on October 9, 2025, setting December 22nd as the deadline for amendments.[9] On or about October 24th, Defendants expressly told Plaintiffs if they wished to pursue state law claims, they should seek amendment herein rather than file a separate suit in state court that would be barred by the doctrine against claim-splitting.[10] But on October 28the, Plaintiffs filed a separate state-court action.[11] On November 17th, Plaintiffs filed a *Deferred Provisional Motion to Amend Complaint*, requesting "if the state court declines jurisdiction" that this Court only then consider their request.[12]

On December 3, 2025, Defendants filed their first *Motion for Summary Judgment* herein, requesting dismissal of all of Plaintiffs' claims based upon immunity grounds and others.[13] The following day, this case was stayed pursuant to *Local Uniform Civil Rule* 16(b)(3)(B) pending

---

[6] No. 4:23-CV-97-DMB-DAS, 2024 U.S. Dist. LEXIS 186614, at *2.
[7] No. 4:23-CV-97-DMB-DAS, **[ECF #138]**, (N.D. Miss. Mar. 31, 2025) & **[ECF #139]** (N. D. Miss. Apr. 3, 2025).
[8] Compl., **[Doc. 1].**
[9] **[Doc. 47]** at 4.
[10] *See* Pltfs. Mem. Br. To Deferred Mot. Amend., **[Doc. 54]** at 1 & 2; Pltfs. Mem. Br. To Mot. Amend., **[Doc. 80]** at 2-3; Defs. Mem. Br. Resp. Opp'n, **[Doc. 95]** at 16 n. 102; Pltfs. Rebuttal, **[Doc. 104]** at 5.
[11] **[Doc. 94-1]** at 1-2 (MEC docket) & 4-21 (Complaint) (*A.M. v. City of Indianola*, No.: 67CI1:25-cv-00352, **[MEC #2]** (Cir. Crt. Sunflower County, Miss., Oct. 28, 2025)).
[12] Pltfs. Deferred Mot. To Amend, **[Docs. 53]** at 1.
[13] Defs. Mot. Summ. J., **[Docs. 59-60].**

resolution the same.[14] Yet Plaintiffs proceeded to file multiple motions seeking to delay resolution of immunity, beginning with a Rule 56(d) Motion on December 9th in which Plaintiffs asked the Court to delay briefing and ruling on Defendants' motion for summary judgment until after Plaintiffs took four depositions and obtained certain documents.[15]

On January 8, 2026, this Court granted Plaintiffs' Rule 56(d) Motion, lifting the stay for the sole purpose of allowing limited discovery in the form of the production of police records and depositions of the involved officer, his on-scene partner, the dispatcher, and the chief of police to be completed by February 23, 2026.[16] In this Order, the Court also set the deadline for Plaintiffs to respond to Defendants' Motion for Summary Judgment as March 9, 2026.[17]

On January 20, 2026, Plaintiffs filed another *Motion to Amend Complaint*.[77] Defendants timely responded in opposition to the same.[78] In their Response, Defendants highlighted the extreme prejudice posed by Plaintiffs' request.[79]

Plaintiffs took the deposition of Defendant Capers on February 11th and the deposition of Chief Sampson on February 12, 2026.[80] Then, Plaintiffs filed their unopposed Motion to Extend Discovery on February 13th.[81] From the date of the Court's Order granting limited discovery through the end of March, Defendants proceeded to produce all of the forgoing on a rolling basis as the same were received.[82] Defendants made these productions on January 21st, February 24th, February 27th,

---

[14] Order Staying Case **[Doc. 63]** at 1-2.
[15] Pltf. Rule 56(d) Mot. Mem. Br., **[Doc. 65]** at 7-8; Order, **[Doc. 76]** at 2-3.
[16] Order Grant. Pltfs. Rule 56(d) Mot., **[Doc. 76]** at 2-3.
[17] Order Grant. Pltfs. Rule 56(d) Mot., **[Doc. 76]** at 3.
[77] Pltfs. Mot. Amend., **[Doc. 79]**; Pltfs. Mem. Br. To Mot. Amend., **[Doc. 80]**.
[78] Defs. Resp. Opp'n to Pltfs. Mot. Amend, **[Docs. 94-95]**.
[79] Defs. Mem. Br. Resp. Opp'n to Pltfs. Mot. Amend, **[Doc. 95]** at 13; *see also, id.* at 1, 15-17 & 25-28.
[80] Not. Depos., **[Doc. 84]** at 1.
[81] Pltfs. Mot. Extend Disc., **[Doc. 99]**.
[82] **[Doc. 109]; [Doc. 147-1]** at 12, 17, & 23.

March 6th, and March 25, 2026.[83]

On March 3, 2026, Plaintiffs filed their Rebuttal in support of their Motion to Amend.[84] Therein, Plaintiffs justified amendment repeatedly by stating Defendants could simply file a separate summary judgment brief addressing the state law claim and that summary judgment on the state claim could be immediately ruled upon without awaiting any limited discovery that then remained.[85] Plaintiffs filed the Amended Complaint on March 15th.[86]

On March 19th, Plaintiffs moved *ore tenus* for alter their Rule 56(d) request to substitute a 30(b)(6) deposition of MBI in the place of two depositions which they determined were not necessary after all.[87] In granting the request, the Court gave Plaintiffs to April 14th to do so.[88] Meanwhile, although all other discovery was stayed, Plaintiffs continued to seek third-party discovery unbeknownst to Defendants.[89]

After the Amended Complaint merged two separate lawsuits into one, and because Plaintiffs made abundantly clear that such was procedurally proper,[90] Defendants filed their summary judgment motion as to the state claim March 25th.[91] Because they requested and received an extension, Plaintiffs' response to the motion became due on May 8th.[92] On April 14, 2026, Plaintiffs took the 30(b)(6) deposition of MBI.[93] This officially concluded Plaintiffs' period of limited discovery for

---

[83] **[Doc. 147-1]** at 9, 12, 15- 16 & 20-21;**[Doc. 133-15]** at 4.

[84] Pltfs. Rebuttal Br. Mot. Amend., **[Doc. 104]**.

[85] Pltfs. Rebuttal Br. Mot. Amend., **[Doc. 104]** at 1, 3-4, 6-7 & 7-8,

[86] Amended Compl., **[Doc. 107]**.

[87] **[Doc. 109]** at 1.

[88] **[Doc. 109]** at 2.

[89] **[Doc. 147-2]** at 6 & 12; *see generally, id.* at 1-14.

[90] Pltf. Reply Br. To Pltfs. Mot. Amend, **[Doc. 104]** at 1 & 6.

[91] Defs. Mem. Br. Mot. Summ. J. State Claim, **[Doc. 114].**

[92] **[Doc. 119]** at 1; Order **[Doc. 120]**.

[93] Not. Of Depo., **[Doc. 118].**

their federal claims.[94] Thus, on April 21st, Defendants filed their *Renewed Motion for Summary Judgment as to the Federal Claims.*[95]

Rather than focus on their summary judgment briefing for which they claimed they required more time, however, Plaintiffs proceeded to file four unnecessary motions in quick succession over the course of the next ten days. On April 22nd, Plaintiffs filed a *Motion to Strike*, requesting that the Court "strike Defendants' motions for summary judgment (Dkt. 113, 121) and order that Defendants, within 14 days, may refile a single, consolidated motion for summary judgment that complies with the Local Rules and does not assert new grounds for summary judgment, include new or different exhibits, or rely on new legal arguments or authorities."[96] Before Defendants could complete their response in opposition to the motion to strike, Plaintiffs then filed a *Motion to Stay Summary Judgment Response Deadlines Or, in the Alternative, to Extend Time to Respond* on April 24th.[97]

Approximately three hours later, the Court rightfully shut down Plaintiffs' first and second vexatious motions attempting to further delay this matter by Honorable District Court Judge Maxwell's *Order Denying the Motion to Strike.*[98] Therein, this Court found that "based on the procedural history, it seems logical that the Defendants' would challenge the state-law claim and federal claims in separate motions for summary judgment" and that "this Court detects no attempt to get around our procedural rules or overly burden the Plaintiff or this Court."[99] Likewise, because it denied Plaintiffs' *Motion to Strike*, the Court also dismissed Plaintiffs' *Motion to Stay* the

---

[94] Order **[Doc. 76]** at 2-3; **[Doc. 99]** at 2; Text Only Grant Extend Disc. To 3/30/2026, **[Doc. 101]**; Order Grant. Add'l Disc., **[Doc. 109]** at 1-2.

[95] Defs. Mem. Br. Renewed Mot. Summ. J. Fed. Claims, **[Doc. 122]**.

[96] Pltfs. Mem. Br. Mot. Strike, **[Doc. 124]** at 4.

[97] Pltfs. Mot. & Mem. Br. Stay Pending Strike, **[Docs. 125 & 126].**

[98] Order Deny Pltfs. Mot. To Strike, **[Doc. 127]**.

[99] Order Deny Pltfs. Mot. To Strike, **[Doc. 127]** at 1-2.

deadlines to respond to the summary judgment motions.[100]

The Court granted Plaintiffs' until May 15th to file their response to the *Renewed Motion for Summary Judgment* asserting qualified immunity.[101] However, Plaintiffs actually proceeded to file *Plaintiffs' Motion for Rule 11 Sanctions* on April 27th, which requested precisely the same relief that the Court had just rejected only three days prior.[102] There, Plaintiffs again requested that the Court "Strike Defendants' Answer and Motion for Summary Judgment (Dkt. 112 and 114)," as a sanction for nonexistent "false assertions" in addition to award Plaintiffs their fees for bringing the motion.[103]

Namely, the entirety of Plaintiffs' unfounded *Motion for Rule 11 Sanctions* was based upon a singular, heavily supported sentence from Defendants' briefing that stated: "Though the officers did not know children were present, they were aware that this address had been the scene for numerous, and sometimes armed, disputes involving Ms. Murry and the same suspect."[104] Thus, Defendants responded in opposition to the frivolous Rule 11 motion, providing approximately **eight (8) full pages of single-spaced direct quotations** from the testimony and record evidence establishing that Plaintiffs' *Motion for Sanctions* was without any merit whatsoever.[105]

In their fourth motion in the span of a week, Plaintiffs then harassed Defendants with a *Motion to Compel* filed on May 1, 2026, to which Plaintiffs attached eighteen exhibits totaling over 380 pages.[106] Therein, Plaintiffs ignored that discovery was stayed and demanded that the Court enter an Order "Compelling Defendant City of Indianola to immediately conduct a complete and

---

[100] Order Deny Pltfs. Mot. To Strike, **[Doc. 127]** at 2.
[101] Order Deny Pltfs. Mot. To Strike, **[Doc. 127]** at 2.
[102] Pltfs. Mot. For Sanctions & Mem. Br., **[Docs. 128-129]**
[103] Pltfs. Mem. Br. Mot. For Sanctions, **[Doc. 137]** at 7.
[104]Defs. Mem. Br. Resp. Opp'n. Pltfs. Mot. Sanctions, **[Doc. 139]** at 6 n. 23, 6-7, & 8.
[105] Defs. Mem. Br. Resp. Opp'n. Pltfs. Mot. Sanctions, **[Doc. 139]** at 9-16.
[106] Pltfs. Mot. To Compel, **[Docs. 133-134]**.

documented search of its employees' email accounts, text messages, and electronic files" and to produce the same "within seven (7) days of the Court's order" despite the pending immunity motions.[107] Again, Defendants timely responded in opposition to Plaintiffs' baseless *Motion to Compel*, plainly and extensively demonstrating the frivolity of the same.[108]

On May 11, 2026, this Court rejected the third of Plaintiffs' recent frivolous filings through the Honorable District Court Judge Maxwell's *Order Denying Motion for Rule 11 Sanctions.*[109] There, the Court held that "no sanctions are warranted[,]" and immediately highlighted that "**Plaintiffs are mistaken about the purpose of Rule 11**."[110] Clarifying that sanctions are reserved for egregious misconduct, not factual disputes or legal arguments, the Court emphasized in its Order that the Plaintiffs' motion lacked merit as it "read[] more like a summary judgment motion attacking the factual sufficiency of the Defendants' pleadings" and "**invoking Rule 11 to try to shoehorn a merits-based decision—based on what they perceive was revealed during discovery—is not permitted.**"[111]

Then, on May 29, 2026, the Court rejected Plaintiffs' fourth vexatious filing through the Honorable Magistrate Judge Sanders' *Order Denying Motion to Compel*.[112] Therein, the Court agreed with each and every ground raised in Defendants' *Response in Opposition* to the baseless *Motion to Compel*.[113] For instance, the Court found that "correspondence submitted to the Court and

---

[107] Pltfs. Mem. Br. Mot. To Compel, **[Doc. 134]** at 15.
[108] Defs. Resp. Opp'n Pltfs. Mot. Compel, **[Docs. 147-148];[Doc. 148]** at 1-34.
[109] Order Deny Pltfs. Mot. For Rule 11 Sanctions, **[Doc. 146].**
[110] *Id.* at 1 (emphasis added).
[111] *Id.* at 2 (emphasis added).
[112] Order Deny. Mot. Compel, **[Doc. 159]** at 1-4.
[113] *See e.g.,* Defs. Mem. Br., **[Doc. 148]** at 13-17 (discovery stayed pursuant to *L.U.Civ.R.* 16(b)(3)(B)), 17-20 (Court's Order permitting Rule 56(d) discovery was expressly narrow and did not authorize the matters sought by Plaintiffs' in their Motion to Compel), 20-25 (email searches as agreed were limited to only 3 individuals and Defendants repeatedly made clear to Plaintiffs that they would not undertake a

discussions during status conferences between the parties and the Court, support Defendants' position that the contemplated searches during the Rule 56(d) period were targeted and limited rather than department-wide."[114]

Critically, the Court also took note of Plaintiffs' inconsistent representations in this Order, recognizing that, contrary to Plaintiffs' assertions,[115] the Court's prior orders "did not authorize broad merits discovery, open-ended electronic discovery, or a comprehensive search of municipal communications systems[,] [n]or did the Court subsequently lift the stay in any broader respect."[116] Further noting such impropriety, the Court stated in its Order "that Plaintiffs repeatedly represented during the Rule 56(d) proceedings that the limited discovery already authorized would permit them to respond to summary judgment and that no broader discovery was necessary[,]" and emphasized "the Court cannot ignore that Plaintiffs themselves previously characterized the requested Rule 56(d) discovery as narrow and limited."[117] Thus, the Court made clear that it "decline[d] to order additional discovery based upon conjecture, particularly in light of the continuing immunity stay and the limited scope of discovery previously authorized."[118]

Only after filing their many frivolous motions did Plaintiffs proceed to respond to Defendants' pending summary judgment motions asserting immunity.[119] On May 8th, Plaintiffs' filed their response as to the state law claim.[120] Then, on May 15, Plaintiffs filed their responses as to the

---

broad department or city-wide forensic search of emails or communications), 23-25 (discrete categories of materials identified during the authorized depositions), & 26-34 (Plaintiffs sought disproportionate relief).

[114] Order Deny. Mot. Compel, **[Doc. 159]** at 3.

[115] *See e.g.,* Pltfs. Mem. Br. Mot. To Compel, **[Doc. 134]** at 13-14.

[116] Order Deny. Mot. Compel, **[Doc. 159]** at 1.

[117] Order Deny. Mot. Compel, **[Doc. 159]** at 3.

[118] Order Deny. Mot. Compel, **[Doc. 159]** at 3.

[119] *See e.g.,* **[Docs. 121 through 161].**

[120] **[Docs. 143-144].**

Renewed Motion on the federal claims.[121] defendants timely filed their Reply Brief in support of their motion as to the state claim on May 15th,[122] and filed their Reply Brief in support of their Renewed Motion as to the federal claims on June 1, 2026.[123]

On June 18, 2026, this Court resolved the immunity issues in this case after over three years of constant litigation, ruled in Defendants' favor in its thorough sixteen page *Memorandum Opinion and Order Granting Summary Judgment*, and issued its Final Judgment for Defendants on all claims accordingly.[124] Of note, the Court repeatedly made clear throughout this Opinion that the Plaintiffs' claims in this action were frivolous, groundless and without either legal or factual foundation in light of the clear video evidence.[125]

In its Opinion, the Court emphasized that "**from the video, no reasonable fact-finder could conclude Capers acted unreasonably or with reckless disregard, let alone intentionally shot A.M**."[126] The Court then stated:

> Instead, an **objective viewing** shows two things. Capers made a split-second assessment, in a dark house, about the threat posed by the charging figure, during the stress of a domestic disturbance call. And Capers's **use of force was reasonable**, though in hindsight the perceived threat turned out to be A.M.[127]

Furthermore, the Court's Opinion makes unavoidably clear that Plaintiffs' claims lacked any legal or factual foundation, stating without reservation: "Here, **there is no question both immunities apply**."[128] As the Court explained:

---

[121] **[Docs. 149-150].**

[122] **[Doc. 154];** *see also,* **[Doc. 154-1].**

[123] **[Doc. 161]**; *see also,* **[Docs. 161-1 & 161-2].**

[124] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 1-16; Final Judgment, **[Doc. 166]**.

[125] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 1, 2, 3, 4, 5, 7, 9, 11, 12, 14, 15, & 16.

[126] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 2 (emphasis added).

[127] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 2 (emphasis added).

[128] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 3 (emphasis added).

> While Officer Capers in hindsight was mistaken about who charged toward him and why, **the video shows his response was reasonable under the circumstances**. And **the video flatly contradicts Murry's claim** that Capers had almost a willingness to harm her son.[129]

Again and again, the Court's Opinion highlights just how blatantly false Plaintiffs' claims are in light of the video footage, *footage which has been in Plaintiffs' possession the entire time*. For example, as stated by the Court, "As to Murry's claim that Capers knew or should have known it was A.M., and not Nolden, running at him, the video completely contradicts this. It shows Officer Capers had no time to analyze the threat posed."[130] Likewise,

> There is no evidence that Officer Capers was consciously indifferent to the fact he could have accidentally shot a child. Nor is there evidence he entered Murry's house with a willingness that harm to A.M. should follow. To reiterate, the undisputed facts show Officers Capers and Webb were responding to not one but two separate 911 calls. And these emergency calls specified that Murry was in danger from her ex-boyfriend.[131]

Thus, "the evidence contradicts the notion that he failed to exercise *any* care."[132]

In particular, the Court held unambiguously that "**Murry's theory** of what happened—that Capers knew or should have known it was her unarmed eleven-year-old son running at him—**is 'blatantly contradicted' by Capers's body-camera video**" to such a degree that "in short, no reasonable jury could believe her version of events."[133] This, Plaintiffs have known since 2023, long before the filing of this action.

In fact, the Circuit Court of Sunflower County already awarded Defendants' their attorneys fees and costs when it dismissed Plaintiffs' state court action on February 3, 2025.[134] However,

---

[129] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 3 (emphasis added).
[130] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 11.
[131] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 14-15.
[132] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 15.
[133] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 7 (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)).
[134] **[Doc. 55-2]** at 1 (No.: 1:24-cv-00152, MEC #24, (Cir. Crt. Sunflower County, MS, Feb. 3, 2025).

Defendants have never been able to recover their fees and costs from that action. [135]Accordingly,

Defendants now request that this Court enforce the prior judgment and fee-award of the state court

and further award Defendants their prevailing party fees in this action.

## III.    ARGUMENT

After more than three years of constant litigation wherein Defendants had to face four

separate lawsuits, nearly a dozen different requested amendments, multiple depositions, burdensome

and expensive discovery, briefing on over three dozen motions, and even Plaintiffs frivolously and

vexatiously attacking the integrity of Defendants' counsel with back to back to back to back filings,

this Court ruled in Defendants' favor, finding "**there is no question both immunities apply**" to

wholly bar Plaintiffs' state and federal claims.[136]

Critically, as stated by this Court over and over again throughout its Memorandum Opinion,

*all* of Plaintiffs' claims are proved patently false by the body camera video, *which Plaintiffs have*

*possessed since no later than December of 2023, long before they filed this action*.[137] Indeed,

throughout the Memorandum Opinion, the Court holds unambiguously that **"from the video, no**

**reasonable fact-finder could conclude Capers acted unreasonably or with reckless disregard**,"

that "**the video flatly contradicts Murry's claim** that Capers had almost a willingness to harm her

son[,]" that **"Murry's theory of what happened . . . is 'blatantly contradicted' by Capers's**

---

[135] *See* **[Doc. 1]** at 15; **[Doc. 55-1]** at 1; **[Doc. 36]** at 1; *Murry v. City of Indianola,* No.
4:23-CV-97-DMB-DAS, **[ECF #103 & #104]**, (N.D. Miss. Sept. 11, 2024) (Although Sheila Bedi
represented the Plaintiffs from September 11, 2024, through August 22, 2025, Ms. Bedi never entered an
appearance in the state action, despite communicating intentions to do so, and Plaintiffs' attorney of
record in the state action continued to only be listed as Carlos Moore after Mr. Moore was suspended
from practice and withdrew in Plaintiffs' federal action).
[136] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 3 (emphasis added).
[137] *Murry v. City of Indianola,* No. 4:23-CV-97-DMB-DAS, ECF #60 (N.D. Miss. Nov. 30, 2023); *Id.* at
ECF #66 & ECF #67 (N.D. Miss. Dec. 5, 2023).

**body-camera video**[,]" and that "**no reasonable jury could believe her version of events**."[138]

Accordingly, prevailing party fees are appropriate here, especially given the Court's finding that these Plaintiffs advanced clear falsehoods that Defendants were forced to defend. Even more evidently so, Defendants are entitled to their attorneys' fees because Plaintiffs repeatedly expanded these proceedings unnecessarily in a manner that can only be described as unreasonable and vexatious.

### A. Prevailing Party Fees under 42 U.S.C. §1988

An attorney's fee award rests within the sound discretion of the district court.[139] Thus, "Section 1988 allows district courts, in their discretion, to award fees to the prevailing party for actions brought under 42 U.S.C. §1983."[140] "'The primary purpose of [§ 1988] is to encourage private enforcement of the civil rights statutes,' while at the same time 'protect[ing] defendants from burdensome litigation having no legal or factual basis.'"[141] Clearly, a defendant is the prevailing party where the court orders a dismissal with prejudice.[142]

Specifically, 42 U.S.C. §1988 provides: "In any action or proceeding to enforce a provision of [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."[143] "A court may only award attorneys' fees to a prevailing defendant in a § 1983 case if 'the plaintiff's underlying claim was

---

[138] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 2, 3, & 7 (emphasis added).
[139] *Hobbs v. Evo Inc.*, 7 F.4th 241, 259 (5th Cir. 2021) (quoting *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016) (citation omitted)).
[140] *Brooks v. City of W. Point*, No. 1:12CV190-SA-DAS, 2014 U.S. Dist. LEXIS 151000, at *2 (N.D. Miss. Oct. 22, 2014) (citing 42 U.S.C. § 1988(b)).
[141] *Id.* (first quoting *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986); then quoting *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001)).
[142] *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015) (quoting *Schwarz v. Folloder,* 767 F.2d 125, 130 (5th Cir. 1985)).
[143] 42 U.S.C. § 1988(b).

frivolous, unreasonable or groundless.'"[144] "Frivolity determinations are done on a case-by-case basis," and the "fact that a claim may be legally insufficient to require a trial does not, for that reason alone, make the claim groundless or without foundation."[145] The Fifth Circuit has "generally affirmed attorney's fee awards when the plaintiff's claims lack a basis in fact or rely on an indisputably meritless legal theory."[146]

Prevailing party fees are appropriate when a plaintiff has brought claims that are "frivolous, unreasonable or groundless."[147] In applying this standard, courts consider "whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial."[148] Each factor supports a fee award here, especially given the Court's finding that these Plaintiffs advanced clear falsehoods that Defendants were forced to defend.[149]

This is not a case where, at the end of a trial, the jury ultimately decided a close case in favor of the Defendants. In such a case, a prevailing Defendant would not be entitled to seek attorneys' fees under §1988 or §1927. To the contrary, this is precisely the type of case where Defendants are entitled recovery of their attorneys' fees as Plaintiffs' claims are truly meritless, without foundation, frivolous and the like.

The Supreme Court has held that fees may be awarded even in cases where there is a mix of frivolous and non-frivolous claims, and a party is only partially successful.[150] There is far more than

---

[144] *Loftin v. City of Prentiss,* 33 F.4th 774, 783 (5th Cir. 2022) (quoting *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009) (quoting *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998))).
[145] *Blanchard-Daigle v. Geers*, 802 F. App'x 113, 121 (5th Cir. 2020).
[146] *Id*.
[147] *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009).
[148] *See Myers v. City of West Monroe,* 211 F.3d 289, 292 (5th Cir. 2000) (emphasis omitted).
[149] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 1, 2, 3, 4, 5, 7, 9, 11, 12, 14, 15, & 16.
[150] *Fox v. Vice*, 563 U.S. 826 (2011).

14

that here. This Court determined that **all** the Plaintiffs' claims were meritless.[151] In particular, each and every one of Plaintiffs' claims of excessive force, of "reckless disregard" or negligence, and of municipal liability were without any evidentiary support.[152] Instead, each and every claim was "blatantly contradicted" by the video evidence to such a degree that "no reasonable jury could believe her version of events[,]"[153] and that "**no reasonable fact-finder could conclude Capers acted unreasonably or with reckless disregard, let alone intentionally shot A.M.**"[154]

A recent decision from this jurisdiction is instructive.[155] In *Loftin v. City of Prentiss*, $79,798.69 in fees were awarded to the defendants in a Section 1983 case.[156] Even though the *Loftin* district court rejected a *Heck* defense, it notably held that the plaintiff failed to demonstrate a constitutional violation, meaning that it was unnecessary to address qualified immunity or *Monell*.[157] The Fifth Circuit affirmed the award on appeal.[158]

Even more so here, therefore, is Defendants' fee request clearly appropriate. Like in *Loftin*, this Court held that Plaintiffs could not prove a constitutional violation, without need to address the additional hurdles of qualified immunity or municipal liability.[159] But unlike *Loftin*, there was video evidence that **blatantly contradicted** allegations included in the Amended Complaint as well as sworn testimony, numerous recorded interviews and extensive record evidence.[160] In sum, positively

---

[151] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 2, 3, 7, 9, 11, 12, 13, 14, & 15-16.

[152] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 2, 3, 7, 9, 11, 12, 13, 14, & 15-16.

[153] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 7 (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

[154] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 2 (emphasis added).

[155] *See Loftin v. City of Prentiss*, No. 2:20-CV-62-KS-MTP, 2021 U.S. Dist. LEXIS 139521 (S.D. Miss. July 27, 2021) *aff'd* 33 F.4th 774, 779 (5th Cir. 2022).

[156] *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022).

[157] *Loftin*, 2021 U.S. Dist. LEXIS 139521, at *1-2; *see also, Loftin v. City of Prentiss*, 539 F. Supp. 3d 617, 624 & 629 (S.D. Miss. 2021).

[158] *See Loftin v. City of Prentiss*, 33 F.4th 774 (5th Cir. 2022).

[159] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 11, 15 & 16.

[160] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 2 & 7.

nothing whatsoever gave either a factual nor a legal foundation to Plaintiffs' claims. Fees are appropriate under all three of the relevant factors.

*No Prima Facie Case.* As explained in this Court's opinion, Plaintiffs could not even approach their burden to establish a prima facie case of any claim herein. Rather, this Court plainly and repeatedly found that Plaintiffs' claims lacked any factually foundation but instead were "blatantly contradicted" by the video evidence.[161] Indeed, this Court held that "**no reasonable fact-finder could conclude Capers acted unreasonably or with reckless disregard, let alone intentionally shot A.M**."[162] Accordingly, the Court held unambiguously: "Because Murry has not established Capers violated A.M.'s Fourth Amendment right, the Court need not address whether the right was clearly established at the time of the shooting."[163]

Again as to Plaintiffs' state claim, this Court held that assuming Plaintiffs' Amended Complaint actually alleged a tort claim, the City is still immune from liability based on police-protection immunity.[164] In particular, the Court determined that the state claim failed as "[t]here is no evidence that Officer Capers was *consciously* indifferent to the fact he could have accidentally shot a child[,]" "[n]or is there evidence he entered Murry's house with a willingness that harm to A.M. should follow[,]" and that "the evidence contradicts [Plaintiffs'] notion that he failed to exercise *any* care."[165] As such, the Court plainly held: "Because Murry cannot show Capers acted with reckless disregard, police-protection immunity prohibits her from recovering tort damages against the City."[166]

---

[161] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 7 (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)).
[162] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 2 (emphasis added).
[163] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 2, 3, 7, 11, & 15.
[164] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 12 & 12 n.11.
[165] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 14 & 15 (emphasis in original).
[166] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 15.

Likewise, the Court clearly held that "Murry cannot demonstrate a constitutional violation" such that "there can be no municipal liability."[167] Underscoring the groundlessness of Plaintiffs' case here is that this Court did not even have to utilize the second prong of the qualified-immunity defense or the municipal-liability doctrine in most of its analysis, both of which would have provided additional grounds to dismiss Plaintiffs' claims even if there had been any constitutional violation. But the fact that the analysis never even had to reach these steps shows that Plaintiffs' claims lacked any arguable merit from the start.

***No Settlement Offers.*** Defendants offered Plaintiffs no money for their false allegations and meritless claims.

***No Trial.*** Of course, no trial was held in this case. Summary judgment was entered after the case was fully briefed for a mere two weeks and three days. This factor, like the other two, weigh in Defendants' favor.

***Unreasonable Conduct and Aggravating Circumstances.*** Although it should have been clear before filing this case that it lacked merit, especially as Plaintiffs had long been in possession of the body camera video before filing their Complaint herein,[168] that fact should have become glaringly obvious to Plaintiffs upon reviewing the MBI file and recorded witness interviews.[169] Nonetheless, Plaintiff did not reduce their claims but instead proceeded to expand the litigation unreasonably, first by knowingly filing a second action in state court in direct contravention of the state court's prior orders and filing a "deferred, provisional motion to amend" in this action as a

---

[167] Mem. Op. & Order Grant. Summ J., **[Doc. 165]** at 16.

[168] *Murry,* No. 4:23-CV-97-DMB-DAS, **[ECF #60]**, (N.D. Miss. Nov. 30, 2023) & **[ECF #66-67]** (N.D. Miss. Dec. 5, 2023).

[169] *See e.g.,* **[Docs. 13-14]** (Answer & 13 exhibits, including MBI File, filed 7-11-25); Not. Service Defs. Initial Disclosures, **[Doc. 42]** (9-11-25); **[Docs. 138-1 & 140]**; **[Doc. 139]** at 7-22; **[Docs. 143-5, 143-7 & 145]**; & **[Docs. 161-1 & 162]**.

procedurally improper fail-safe,[170] then by amending their complaint herein.[171]

Further still, as this Court is well-aware, Plaintiffs also repeatedly attacked Defendants in the media and public-sphere throughout the years of this litigation,[172] with one of their attorneys once going so far as to condemn Defendant Capers in a press conference by stating: "Sgt. Capers, if you are watching, you are not fit to be a dog catcher. Go somewhere and take a seat."[173] Both Plaintiffs and their former counsel repeatedly gave nationally broadcasted interviews, held press conferences, and issued statements regarding their blatantly false version of the events and disparaging Defendant Capers and the City, including calling for protests and giving public statements at such protests, both through national media sources and local Mississippi publications.[174]

Shockingly, throughout this litigation, Plaintiff Nakala Murry has profited from publically attacking Defendant Capers, such as by selling yard signs which read: "Justice for [A.M.] Shot By Indianola's 'Best Cop.'"[175] In particular, Plaintiff Nakala Murry marketed her signs on social media

---

[170] **[Docs. 53]** at 1; **[Doc. 55-2]** at 1; **[Doc. 54]** at 1 & 2;**[Doc. 80]** at 2-3; **[Doc. 94-1]** at 1-2 & 4-21; **[Doc. 95]** at 16 n. 102; **[Doc. 104]** at 5.

[171] **[Docs. 79-80]**; **[Docs. 94-95]**; **[Doc. 104]**; Amended Compl., **[Doc. 107]**.

[172] *Murry,* No. 4:23-CV-97-DMB-DAS, **[ECF #55-56]**, (N.D. Miss. Nov. 24, 2023), **[ECF #61]** (N.D. Miss. Dec. 1, 2023), **[ECF #70-71]** (N.D. Miss. Dec. 13, 2023), **[ECF #73]** (N.D. Miss. Dec. 14, 2023).

[173] FOX13 Memphis News Staff, (Jan. 8, 2024), https://www.fox13memphis.com/news/video-of-11-year-old-boy-being-shot-by-police-in-mississippi-released/article_6ae809d8-ae6d-11ee-9600-1b197dac905f.html

[174] CBS News (May 25, 2023), https://www.youtube.com/watch?v=A858x9ziOCU; WREG Memphis Channel 3 News, (May 25, 2023), https://wreg.com/news/nation-and-world/mississippi-officer-shot-11-year-old-in-chest-after-boy-called-911-for-help-mother-says/; SuperTalk Mississippi, (May 31, 2023), https://www.supertalk.fm/there-is-no-justification-attorney-of-11-year-old-police-shooting-victim-speaks-out/; Mississippi Today, (May 23, 2023), https://mississippitoday.org/2023/05/23/indianola-police-11-year-old-shot/; CNN, (May 26, 2023), https://www.cnn.com/2023/05/25/us/mississippi-police-shooting-11-year-old-boy-investigation/index.html; NBC News, (June 14, 2023), https://www.nbcnews.com/news/us-news/mississippi-police-officer-shot-11-year-old-boy-suspended-pay-rcna89215; ABC News, (May 30, 2023), https://abcnews.com/US/11-year-aderrien-murry-speaks-after-shot-police/story?id=99678505

[175] *Murry v. City of Indianola,* No. 4:23-CV-97-DMB-DAS, **[ECF #84-1]**, (N.D. Miss. Jan. 11, 2024).

with the following:

> If anyone else will like to purchase a sign, I am always taking orders. I'll be taking order until Officer Greg Capers Badge is taken and he can no longer be a Police not only in Indianola, but in any other state. $12 a sign. I put the orders in as you send them. Let's fill Indianola with these signs so that each day Capers is patrolling, he will be reminded of what happened and that we are still seeking Justice.[176]

Due to the years of this unreasonable conduct and harassment, as he testified in his deposition, Defendant Capers has had to resign from law enforcement because of how dangerous it became for him to be on the streets, he had to start buying groceries in a different town, he had to take one of his stepchildren out of school because of bullying related to this case, he cannot escape the negative attention even when on vacation, he has now lost his marriage, and he may even soon lose his home.[177]

### B. Fees Under the Federal Rules, 28 U.S.C. §1927, and Miss. Code Ann. § 11-55-5

Time and time again, Plaintiffs, through their counsel, repeatedly expanded these proceedings unnecessarily in a manner that can only be described as unreasonable and vexatious. From filing four different lawsuits on the same claims with full knowledge that their allegations were "blatantly discredited" and "flatly contradicted" by video evidence, to submitting four different motions in the span of just over a week asking for the exact same improper and unwarranted relief, Plaintiffs have undertaken a course of undoubtedly unreasonable and vexatious conduct at the Defendants' expense. Thus, attorneys fees are warranted pursuant to Rule 37(a)(5)(B) for Plaintiffs' meritless *Motion to Compel*, as well as Plaintiffs' other vexatious filings under Rule 54(d)(2), 28 U.S.C. 1927 and the *Mississippi Litigation Accountability Act*.

An award of attorneys' fees against counsel under 28 U.S.C. §1927 rests within the district

---

[176] *Murry v. City of Indianola,* No. 4:23-CV-97-DMB-DAS, **[ECF #84-1]**, (N.D. Miss. Jan. 11, 2024).
[177] Def. Capers Depo., **[Doc. 104-1]** at 37:7-23, 338:1-23, 339:6-11, & 340:6-25 through 344:1-24.

court's sound discretion.[178] Indeed, the Court may award sanctions under 28 U.S.C. § 1927 *sua sponte*.[179] The Court should certainly do so here.

Section 1927 states "[a]ny attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[180] For an attorney's conduct to be considered unreasonable and vexatious, there ordinarily must "'be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.'"[181] Further, the Fifth Circuit has "'in the past upheld awards based in part on 'the irresponsible manner in which the litigation was conducted [which] further multiplied the[] . . . proceedings.'"[182]

Courts have deemed fees warranted under §1927 in similar cases to that at hand, such as where a plaintiff's attorney tried to assert new claims in response to defendants' motions for summary judgment.[183] Likewise, the Fifth Circuit has deemed fees justified under §1927 due to the "multiplication of proceedings" caused by near identical conduct to Plaintiffs' counsel's here by "repetitive motions and filings."[184] In fact, Plaintiffs' counsel vexatiously expanded these

---

[178] *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P*., 739 F.3d 848, 856 (5th Cir. 2014) (citing *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 180 (5th Cir. 2007)).

[179] *Payne v. Univ. of S. Miss*., No. 1:12-CV-41-KS-MTP, 2015 U.S. Dist. LEXIS 73028, at *17 (S.D. Miss. June 5, 2015) (citing *Brown v. Nationwide Mut. Ins. Co.*, 805 F.2d 1242, 1244 (5th Cir. 1986)).

[180] *Sullivant v. Alford*, No. 3:25-cv-00289-MPM-JMV, 2026 U.S. Dist. LEXIS 29564, at *13 (N.D. Miss. Feb. 9, 2026) (quoting 28 U.S.C. § 1927).

[181] *Greer v. Richardson Indep. Sch. Dist*., 471 F. App'x 336, 339 (5th Cir. 2012) (quoting *Edwards v. Gen. Motors Corp*., 153 F.3d 242, 246 (5th Cir. 1998) (citations omitted)).

[182] *Id.* at 340 (quoting *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991) (first alteration in original) (quoting Lewis v. Brown & Root, Inc., 711 F.2d 1287, 1292 (5th Cir. 1983))).

[183] *Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2015 U.S. Dist. LEXIS 42118, at *12 (S.D. Miss. Mar. 31, 2015)

[184] *Religious Tech. Ctr. v. Liebreich,* 98 F. App'x 979, 982-985 (5th Cir. 2004) (repetitive motions and filings where attorneys repeatedly filed "essentially identical motions that do little more than waste their opponent's and the courts' time and resources."); *see also, Treadway v. Otero,* Nos. 22-40383, 22-40403,

20

proceedings through numerous motions which contained outright dishonesty while simultaneously attacking the integrity of Defendants' counsel baselessly.[185] This is precisely the reason why 28 U.S.C. §1927 exists.

Examples of such unreasonable conduct here by Plaintiffs' counsel includes, but is not limited to: **(1)** Filing a separate action in state court after counsel for Defendants expressly told them that they should seek amendment herein if they sought to pursue state claims rather than file a separate suit in state court that would be barred by the doctrine against claim-splitting, which later led to extensive briefing both actions that could have been avoided;[186] **(2)** Filing a *Deferred Provisional Motion to Amend Complaint* seeking non-existent, procedurally improper relief in requesting that "if the state court declines jurisdiction" that this Court only then consider allowing them to amend their complaint here;[187] **(3)** Filing multiple motions seeking to delay resolution of immunity, beginning with a Rule 56(d) Motion in which they asked the Court to delay briefing and ruling on Defendants' motion for summary judgment until after they took four depositions, two of which they later admitted they did not actually need;[188] **(4)** Filing a *Motion to Strike* on April 22,

---

2024 U.S. App. LEXIS 9321, at *4-5 (5th Cir. Apr. 17, 2024) (for vexatiously and repeatedly seeking unreasonably broad document production, including with a motion to compel); *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 208 (5th Cir. 2023) (irrelevant and harassing conduct lengthening time of depositions); *Morrison v. Walker*, 939 F.3d 633, 636-37 (5th Cir. 2019) (filing an amended complaint with additional defendants and advancing a meritless, immunity-barred claim); *Ratliff v. Stewart,* 508 F.3d 225, 228 (5th Cir. 2007) (filing an opposition to a summary judgment motion after it had been made clear for seven months that plaintiff had sued the wrong defendant).

[185] *See e.g.,* Defs. Mem. Br. Resp. Opp'n. Pltfs. Mot. Sanctions, **[Doc. 139]** at 1-24 (detailing the dishonesty and/or misrepresentations in Pltfs Mot. For Rule 11 Sanctions, **[Dosc. 136-137]**); Relevant Emails Between Counsel, **[Doc. 147-1]** at 1-25; Relevant Emails from Pltfs to MBI, **[Doc. 147-2]** at 1-14; Defs. Mem. Br. Resp. Opp'n. Pltfs. Mot. Compel, **[Doc. 148]** at 2-10, 11-13, 17-25 & 26-34 (detailing the dishonesty and misrepresentations in Pltfs. Mot. To Compel, **[Docs. 133 & 134]**).

[186] *See* Pltfs. Mem. Br. To Deferred Mot. Amend., **[Doc. 54]** at 1 & 2; Pltfs. Mem. Br. To Mot. Amend., **[Doc. 80]** at 2-3; Defs. Mem. Br. Resp. Opp'n, **[Doc. 95]** at 16 n. 102; Pltfs. Rebuttal, **[Doc. 104]** at 5.

[187] Pltfs. Deferred Mot. To Amend, **[Docs. 53]** at 1.

[188] Pltf. Rule 56(d) Mot. Mem. Br., **[Doc. 65]** at 7-8; Order, **[Doc. 76]** at 2-3; **[Doc. 147]** at 10, 12 & 17.

2026, which directly contradicted their own prior representations and averments to this Court that the filing of separate summary judgment briefs for the state claim and the federal claims would be proper,[189] and which was quickly rejected by the Court on April 24th;[190] **(5)** Filing a *Motion to Stay Summary Judgment Response Deadlines Or, in the Alternative, to Extend Time to Respond* pending their motion to strike on April 24th before Defendants could complete their response in opposition to the motion to strike, which the Court denied a mere three hours later while granting them an extension;[191] **(6)** Vexatiously filing *Plaintiffs' Motion for Rule 11 Sanctions* on April 27th, which requested precisely the same relief that the Court had just rejected only three days prior, which frivolously attacked the honor and integrity of Defendants' counsel,[192] and which the Court rejected outright, holding that "no sanctions are warranted[,]" that "**Plaintiffs are mistaken about the purpose of Rule 11**[,]"[193] and that "**invoking Rule 11 to try to shoehorn a merits-based decision—based on what they perceive was revealed during discovery—is not permitted[**;]"[194] and, **(7)** Filing their *Motion to Compel* on May 1st and their Reply in support thereof on May 18th, in which they ignored that discovery was stayed by operation of Local Rule 16(b)(3)(B) pending determination of immunity, misrepresented the Court's prior orders, took positions inconsistent with their own prior representations to the Court yet again, and presented downright falsities in pursuant of unjustified, disproportionate and frivolous relief aimed at harassing Defendants and their

---

[189] *Compare* Pltfs. Mem. Br. Mot. Strike, **[Doc. 124]** at 4 (requesting the Court stroike Defendants briefs and order the filing of a singula brief) *with* Pltfs. Rebuttal Br. Mot. Amend., **[Doc. 104]** at 1, 3-4, 6-7 & 7-8 (justified amendment by stating separate summary judgment briefs would be proper).

[190] Order Deny Pltfs Mot. Strike, **[Doc. 127]** at 1-2

[191] Pltfs. Mot. & Mem. Br. Stay Pending Strike, **[Docs. 125 & 126]**; Order Deny, **[Doc. 127]** at 2.

[192] Pltfs. Mot. For Sanctions & Mem. Br., **[Docs. 128-129]**

[193] Order Deny Pltfs. Mot. For Rule 11 Sanctions, **[Doc. 146]** at 1 (emphasis added).

[194] Order Deny Pltfs. Mot. For Rule 11 Sanctions, **[Doc. 146]** at 2 (emphasis added).

22

counsel.[195]

Additionally, under the *Mississippi Litigation Accountability Act*, "the court shall award . . . reasonable attorney's fees and costs against any party or attorney if the court . . . finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification" or was "interposed for delay or harassment," or where "an attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures . . ."[196] A claim is without substantial justification when "it is frivolous, groundless in fact or in law, or vexatious, as determined by the court."[197] Moreover, a claim is frivolous "'when, objectively speaking, the pleader or movant has no hope of success.'"[198]

As recognized by the Fifth Circuit, an award of attorney's fees is proper under Miss. Code Ann. § 11-55-5(1) for frivolous state law claims presented to the district court.[199] For all the foregoing reasons as described in depth herein as justifying an award of fees under 42 U.S.C. §1988 and 28 U.S.C. §1927, fees are further justified and warranted under Miss. Code Ann. §11-55-5.

## IV. CONCLUSION

Ultimately, it should be held that Plaintiffs brought claims that were "frivolous, unreasonable or groundless" and accordingly that Defendants are entitled to a fee award under 42 U.S.C. § 1988. Likewise, because Plaintiffs unreasonably expanded the proceedings time and time again with their frivolous, vexatious, and harassing filings, attorneys' fees are further justified and warranted

---

[195] *See e.g.,* Pltfs. Mot. To Compel, **[Docs. 133-134]**; Defs. Mem. Br., **[Doc. 148]** at 13-34; Order Deny. Mot. Compel, **[Doc. 159]** at 1-4.

[196] Miss. Code Ann. § 11-55-5(1).

[197] *Payne v. Univ. of S. Miss*., 681 F. App'x 384, 389 (5th Cir. 2017) (quoting Miss. Code Ann. §11-55-3(a)).

[198] *Id.* (quoting *McBride v. Meridian Pub. Imp. Corp*., 730 So. 2d 548, 554 (Miss. 1998) (citing *Stevens v. Lake*, 615 So. 2d 1177, 1184 (Miss. 1993))).

[199] *Payne v. Univ. of S. Miss*., 681 F. App'x 384, 389 (5th Cir. 2017)

pursuant to 28 U.S.C. §1927 and Miss. Code Ann. §11-55-5. Should this Motion be granted, Defendants respectfully request fourteen (14) days to submit a request for a specific amount of fees, supported by proper accounting and documentation, as has been done in other cases.[200]

**RESPECTFULLY SUBMITTED** this the 1st day of July, 2026.

**JACKS | GRIFFITH | LUCIANO, P.A.**

By:   */s/ M. Mckenzie W. Price*
M. Mckenzie W. Price, MS Bar No. 106538
Daniel J. Griffith, MS Bar No. 8366
Mary McKay Griffith, MS Bar No. 100785
*Attorneys for Defendants*

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
Fax No. 662-843-6176
Email: mprice@jlpalaw.com
        dgriffith@jlpalaw.com
        mgriffith@jlpalaw.com

---

[200] *See Loftin*, 2021 U.S. Dist. LEXIS 139521, at *5 (S.D. Miss. July 27, 2021); *Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2015 U.S. Dist. LEXIS 42118, at *17 (S.D. Miss. Mar. 31, 2015); see also, *Sullivant v. Alford*, No. 3:25-cv-00289-MPM-JMV, 2026 U.S. Dist. LEXIS 29564, at *16 (N.D. Miss. Feb. 9, 2026) (10 days).

## CERTIFICATE OF SERVICE

I, M. Mckenzie W. Price, attorney of record for Defendants, City of Indianola, Mississippi, and Sergeant Greg Capers, hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities in Support of Defendants' Motion for Fees* to be delivered by the ECF Filing System which gave notice to all counsel of record who have appeared herein.

Wallace Hilke (admitted pro hac vice)
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
Phone: (312) 503-2224
Email: wally.hilke@law.northwestern.edu
**Attorney for Plaintiff**

Graham P. Carner
TreMarcus D. Roseman
Carner & Rosemon, PLLC
401 E. Capitol Street, Suite 310
PO Box 55644
Jackson, MS 39296-5644
Phone: (601) 427-8999
Email: graham@carnerrosemon.com
        Tremarcuse@carnerroseman.com
**Attorneys for Plaintiff**

Ben H. Elson (admitted pro hac vice)
Nora Snyder (admitted pro hac vice)
1180 N. Milwaukee Ave
Chicago, IL 60642
Phone: (773) 235-0070
Fax: (773) 235-6699
Email: norasynder@peopleslawoffice.com
        ben@peopleslawoffice.com
**Attorneys for Plaintiff**

**DATED** this 1st day of July, 2026.

_/s/ M. Mckenzie W. Price_
M. Mckenzie W. Price

25