**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**A.M., by and through next friend,
Nakala Murry, NAKALA MURRY**                                    **PLAINTIFFS**

**VS.**                                                    **CAUSE NO. 4:25-cv-53-JDM-DAS**

**CITY OF INDIANOLA, ET AL.**                                    **DEFENDANTS**

**ORDER DENYING MOTION FOR FEES**

On June 18, 2026, the Court granted Defendants City of Indianola and Greg Capers's motions for summary judgment. [165] The Court dismissed Plaintiffs A.M. and Nakala Murry's § 1983 and state-law claims.

The Defendants now move for attorney's fees under Federal Rule of Civil Procedure 54(d). [167] They invoke the fee-shifting provision of 42 U.S.C. § 1988, which allows the prevailing party in a § 1983 enforcement action to recover attorney's fees. They also cite the federal and state statutes authorizing attorney's fees as sanctions, 28 U.S.C. § 1927 and Mississippi Code § 11-55-5(1). Because the Court finds neither fee-shifting nor sanctions are warranted, the Motion for Fees is DENIED.

**42 U.S.C. § 1988**

Section 1988 confers on the Court discretionary authority, in a § 1983 enforcement action,[1] to "allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988. But the standard for awarding attorney's fees to a prevailing *defendant* is different than the standard for a prevailing plaintiff. *White v. South Park Indep. Sch. Dist.*, 693 F.2d 1163, 1169 (5th Cir. 1982). While "a prevailing *plaintiff* ordinarily is to be awarded

---

[1] Section 1988 also applies in other enumerated civil rights enforcement actions.

attorney's fees in all but special circumstances," the opposite is true for a prevailing defendant. *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 417 (1978). "[A]ttorney's fees for prevailing defendants are presumptively unavailable." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001). And an attorney's fees award "is proper only upon a finding that the plaintiff's suit is 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly becomes so,' regardless of whether the suit was brought in good faith." *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011) (quoting *Christiansburg*, 434 U.S. at 422).

As the Defendants interpret the Court's Memorandum Opinion and Order granting summary judgment, the Court's finding of frivolity and groundlessness is a foregone conclusion. In their memorandum supporting their motion for fees, they claim the Court "repeatedly made clear throughout its Opinion that the Plaintiffs' claims in this action were frivolous, groundless and without either legal or factual foundation in light of the clear video evidence." [168], p. 10. The Defendants also claim the Court stated "over and over again throughout its Memorandum Opinion[ that] all of Plaintiffs' claims are proved patently false." [168], p. 12.

But that is not the gist of the Court's Memorandum Opinion and Order. *Nowhere* in its decision did the Court state once—let alone "over and over again"—that "all of the Plaintiffs' claims are proved patently false." Neither did the Court deem the action "frivolous, groundless, and without legal foundation." Instead, applying the summary-judgment standard, the Court found the Plaintiffs' claims could not overcome the federal and state immunity provisions afforded police officers based on the clear video evidence.

To be sure, the Court in its opinion was firm and clear in its conclusion that the Plaintiffs had no triable federal or state law claim. But "[a]llegations that, upon careful examination, prove

legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*." *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980). As the Fifth Circuit has explained, "the dismissal of a plaintiff's claims before they reach the jury is insufficient by itself to support a finding of frivolity." *Silsbee Indep. Sch. Dist.*, 440 F. App'x at 425. And "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg*, 434 U.S. at 422.

As the Court acknowledged this case came down to immunity—both qualified immunity against § 1983 suits and police-protection immunity against Mississippi tort claims. This was a high hurdle to overcome. And indeed the Court found that, based on the evidence produced in discovery and particularly the body-camera video, the Plaintiffs could not clear this bar and proceed to trial. But applying these immunity provisions is not always straightforward. Indeed, immunity issues can be complicated and intensely fact-driven. And the Court cannot say the Plaintiffs were entirely unreasonable for pursuing their claims.

The law presumes awarding attorney's fees to prevailing § 1983 defendants is disallowed. And here, the Defendants have not overcome that presumption. Instead, the fee-shifting claim exaggerates the Court's summary-judgment opinion. Therefore, their request for § 1988 attorney's fees is denied.

### Mississippi Code 11-55-5(1)

For similar reasons, the Court also denies the Defendants' request for attorney's fees under Mississippi Code Section 11-55-5(1), the Mississippi Litigation Accountability Act (MLAA). This sanctioning mechanism directs a court to award reasonable attorney's fees "if the court . . . finds that an attorney or party or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed

3

for delay or harassment, or if it finds that any attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery . . . ." *Id.*

The act defines "without substantial justification" as "frivolous, groundless in fact or in law, or vexatious, as determined by the court." Miss. Code Ann. § 11-55-3(a). And "a claim is frivolous 'only when, objectively speaking, the pleader or movant has no hope of success.'" *McBride v. Meridian Pub. Improvement Corp.*, 730 So. 2d 548, 554 (Miss. 1998) (quoting *Stevens v. Lake*, 615 So. 2d 1177, 1184 (Miss. 1993)). The Mississippi Supreme Court has been clear— "Though a case may be weak or 'light-headed,' that is not sufficient to label it frivolous." *Leaf River Forest Prods., Inc. v. Deakle*, 661 So. 2d 188, 197 (Miss. 1995).

With this standard in mind, the Court cannot label the Plaintiffs' state-law claim "frivolous." The tort claim was based on a serious event—the unintentional shooting of an eleven-year-old. And this claim could have gone to a jury *but for* Mississippi's police-protection immunity. Though the Plaintiffs' attempt to overcome this immunity may have been "weak," it was not so hopeless as to trigger MLAA sanctions.

### 42 U.S.C. § 1927

In seeking sanctions, the Defendants also rely on 42 U.S.C. § 1927.[2] Section 1927 is aimed at punishing counsel, not parties. *Vaughn v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 207 (5th Cir. 2023). But "punishment under § 1927 is 'sparingly applied.'"[3] *Laws. Title Ins. Corp. v.*

---

[2] The Motions for Fees also briefly mentions Federal Rule of Civil Procedure 37(b)(2)(C) and asks the Court to sanction the Plaintiffs for filing an unsuccessful motion to compel. But the Court is not inclined to go back behind the magistrate judge and review discovery issues. The Defendants also seek this Court's enforcement of a state-court attorney's fees award. But the appropriate place to seek enforcement of that award is the issuing court, not here.

[3] Section 1927 provides, "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees

*Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) (quoting *Meadowbriar Home for Child., Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996)).  This is because Section 1927's sanctions are "'punitive in nature and require *clear and convincing evidence*' that sanctions are justified." *Id.* (emphasis added) (quoting *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010)). For this reason, "[t]hey should be employed 'only in instances evidencing a serious and standard disregard for the orderly process of justice,' lest 'the legitimate zeal of an attorney in representing a client be dampened.'" *Id.* (quoting *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994)).

No doubt the Defendants are frustrated by this action's procedural history.  It is a mess. And the Court has acknowledged the "circuitous route" the Plaintiffs' claims have traversed "through both federal and state court" to get to the point of summary judgment.  [165]  But neither counsel's procedural missteps nor the fact that the Plaintiffs' claims proved unsuccessful are, in themselves, justifications to impose sanctions.  *See id.* at 872.  The standard is demanding and requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court."  *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998).  And in this case, the Court cannot find clear and convincing evidence of serious disregard for the orderly process of justice—as opposed to misunderstanding of controlling legal principles coupled with zealous legal advocacy.

### Conclusion

The Defendants' Motion for Fees [167] is **DENIED.**

**SO ORDERED** this the 24th day of July, 2026.

 /s/ James D. Maxwell, II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

reasonably incurred because of such conduct."  28 U.S.C. § 1927.